FISHBACH BREWING COMPANY, APPELLANT, v. CITY OF ST. LOUIS, A MUNICIPAL CORPORATION, HARRY SCULLIN, EXCISE COMMISSIONER, OLIVER G. CHAPMAN, LICENSE COLLECTOR, RESPONDENTS.—95 S. W. (2d) 335.

St. Louis Court of Appeals.   Opinion filed June 2, 1936.

Motion for Rehearing Overruled June 30, 1936.

*William Waye, Jr.* and *Allen, Moser & Marsalek* for appellant.

*Charles M. Hay*, City Counselor; *E. H. Wayman*, First Associate
City Counselor for respondents.

HOSTETTER, P. J.—This is a suit in equity instituted by plaintiff, Fischbach Brewing Company, a corporation, by the filing of its petition, in the Circuit Court of the City of St. Louis, on the 22nd day of November, 1934. The defendants are the City of St. Louis, a municipal corporation; and its Excise Commissioner and License Collector; and, in said suit it is sought to restrain said defendants from enforcing or attempting to enforce a certain ordinance of said city, No. 40274, against the plaintiff or its agents, servants or employees, and from instituting or prosecuting any proceeding of any character against the plaintiff or its agents, servants or employees for the enforcement of said ordinance or for the collection of any license fee, tax or charge sought to be imposed by said ordinance or the collection or assessment of any of the penalties or punishments provided by said ordinance for the violation thereof.

Upon the filing of plaintiff's petition the defendants jointly demurred thereto upon the ground that said petition did not state facts sufficient to constitute a cause of action against the defendants. The trial court sustained the said demurrer, and plaintiff, in open court, declined to plead further; and, thereupon the court entered final judgment on said demurrer in favor of the defendants and against the plaintiff. From such judgment the plaintiff prosecutes this appeal.

The petition contains allegations substantially as follows: That plaintiff is a Missouri corporation engaged in the manufacturing and brewing of beer containing in excess of 3.2 per cent of alcohol by weight in the City of St. Charles, Missouri; that Ordinance No. 40274 was duly passed by the board of aldermen of the City of St. Louis and approved by the mayor and became effective on the 23rd day of March, 1934, purporting to have been enacted under the authority of Section 25 of the Liquor Control Act passed by the Fifty-seventh General Assembly of Missouri in Extra Session (Laws of Missouri 1933-1934, Extra Session, p. 88), which ordinance, *inter*

*alia*, provided for the appointment of an excise commissioner of said City of St. Louis, for the issuance of licenses for the manufacture, brewing and sale, both at wholesale and retail, of intoxicating liquor, including beer of an alcoholic content in excess of 3.2 per cent by weight, and prescribes the license fees to be charged therefor and provides that such licenses shall be issued by the excise commissioner of said city to whom such license fees are made payable and that no license shall be issued by the license collector of said city except with the approval of the excise commissioner of said city, and provides that said excise commissioner shall enforce the provisions of this ordinance and that he and his deputies and inspectors shall have the power to make arrests in carrying out the provisions thereof and that Section 10 of said ordinance provides as follows:

"For the privilege of manufacturing intoxicating liquors for sale and consumption in the City of St. Louis, for beverage purposes, or for the privilege of selling such liquors for resale by any other person in the City of St. Louis, the following fees shall be charged: (a) For the manufacture and/or sale for such resale of beer with an alcoholic content in excess of 3.2 per cent by weight, Fifteen Hundred Dollars ($1500.00) per year in advance;" that plaintiff's brewery is located within the corporate limits of the City of St. Charles, a municipal corporation and that its brewing and manufacturing business is conducted within said City of St. Charles; that the beer so manufactured and brewed at its plant within said City of St. Charles is, and at all times mentioned in the petition has been, sold, distributed and delivered by plaintiff to retailers for resale by them in said city of St. Charles and in the defendant City of St. Louis and in a great many other cities and municipalities in the State of Missouri; that plaintiff has no plant for its manufacturing business in the City of St. Louis, nor has it ever maintained any stock of beer, store, storeroom or other place of business in said St. Louis city for the sale of its beer so manufactured by it or otherwise; that its beer of the alcoholic content aforesaid is, and at all times mentioned in the petition has been transported by plaintiff from said City of St. Charles to the City of St. Louis and there sold by plaintiff to retailers for resale in said City of St. Louis in quantities only of not less than one gallon; that in some instances plaintiff sells and delivers its said beer to its customers in the City of St. Louis upon and in the filling of orders received by plaintiff at its brewery in St. Charles city directly from its customers in St. Louis city; while in other instances plaintiff sells and delivers its beer to its customers in said City of St. Louis upon and in filling orders forwarded to plaintiff at its brewery in St. Charles by agents and brokers in said St. Louis city authorized by plaintiff to solicit

and obtain such orders, but not otherwise; that all such orders of all character have been filled by plaintiff by means of its trucks in charge of its employees, by which trucks plaintiff's said beer is hauled and transported directly from its brewery in St. Charles city and delivered to its customers in said St. Louis city; that its said beer so sold and delivered in said St. Louis city has been either paid for at the time of such delivery by payment directly to plaintiff's employee in charge of its truck so delivering the same, or by remittance forwarded by said customers in St. Louis city to plaintiff at its brewery plant in St. Charles city; that plaintiff has paid all license fees and charges imposed upon it by law for the manufacture and sale of its product within the State of Missouri to the Supervisor of Liquor Control of said State and in all respects complied with the provisions of the laws of Missouri relating to the manufacture and sale of beer of the alcoholic content above mentioned and has also been required to, and paid annually, a license fee to said City of St. Charles as a manufacturer or brewer of such beer as required by ordinance; that by the provisions of Section 25 of said liquor control act the Legislature has authorized incorporated cities within this State to charge for licenses issued only to "manufactures, distillers, brewers, wholesalers and retailers of intoxicating liquor within their limits" and not otherwise, and has thereby denied to all incorporated cities within Missouri the right to charge or exact a license fee or charge for the manufacture or sale of intoxicating liquor, except from manufacturers, distillers, brewers, wholesalers and retailers of such intoxicating liquors within the limits of such cities; that the last provision of Section 21 of said Liquor Control Act provides that "manufacturers and blenders of intoxicating liquor shall not be required to take out a merchant's license for the sale of their products at wholesale at the place of manufacture or in quantities not less than one (1) one gallon;" that by reason of the facts and matters alleged, plaintiff is not a manufacturer or a brewer of beer or a distiller of other intoxicating liquor within the limits of the City of St. Louis, but is a manufacturer and brewer located within the limits of the City of St. Charles, Missouri; that plaintiff is not and has never been either a wholesaler or retailer of beer or other intoxicants within the limits of St. Louis city; that by reason of the terms and provisions of said Section 25 of said Liquor Control Act and by reason of said proviso to Section 21 of said Act, the City of St. Louis is without power or authority to enact or enforce any ordinance requiring plaintiff to pay to it or to its license collector any license fee or charge whatsoever for the right to sell and deliver its said beer in the manner and under the circumstances alleged in its petition to retailers in the City of St. Louis or to require the plaintiff to take out any merchant's license

for the sale of its beer in St. Louis city; that insofar as said ordinance undertakes to levy any sort of license fee or charge upon, or exact the same from, a person or corporation manufacturing beer in a municipality of Missouri outside of St. Louis city and distributing the same in quantities of not less than one gallon by truck or like conveyance to purchasers for resale within St. Louis city, as does this plaintiff, said ordinance is null and void; that under Section 23 of Article IX of the Constitution of Missouri, the Charter of St. Louis city, and its ordinances enacted thereunder, are required to be always in harmony with and subject to the Constitution and Laws of Missouri; that insofar as said ordinance undertakes to levy a license fee or charge upon or exact same from plaintiff and others like situated, said ordinance is not in harmony with the constitution of this State but is in direct conflict therewith and the enactment and enforcement of such ordinance is directly prohibited by said Section 25 and said proviso of Section 21 of the said Liquor Control Act of Missouri and that said Section 10 of said ordinance, insofar as it attempts to exact a license fee from plaintiff, is in violation of a statute of Missouri which was passed under the terms and provisions of Section 23, Article IX of the Constitution of Missouri and is unconstitutional, null and void; that defendants have repeatedly, wrongfully and unlawfully threatened to enforce the provisions of said ordinance, particularly the provisions of Section 10 thereof and to enforce the misdemeanor section of said ordinance against plaintiff; that plaintiff has spent many thousands of dollars in establishing its business in Missouri and in the City of St. Louis and that to cease or suspend its business of selling and distributing its beer in St. Louis City would work great and irreparable injury and damage to plaintiff; that the fees, penalties and punishments provided by said ordinance for its violation are so excessive as to make it prohibitive for plaintiff to test the validity of said ordinance otherwise than by suit in equity to restrain the enforcement thereof, which would result in numerous prosecutions and a multiplicity of suits, etc.; that plaintiff is without adequate remedy at law. The prayer of the petition is that defendants be restrained and enjoined from enforcing or attempting to enforce the said ordinance as against plaintiff, its agents, servants or employees.

The sustaining of the demurrer to the petition by the trial court, and our review of such action require that for the purpose of ruling on the demurrer, all of the allegations in the petition be taken as true.

There is no controversy as to the soundness of the proposition urged by the plaintiff that the ordinance of the City of St. Louis, under attack, in order to be held valid must not be inconsistent, or in conflict, with the provisions of the State Liquor Control Act in respect to the same subject-matter.

Sections 20 to 25, inclusive, of Art. IX, of the Constitution of Missouri; State ex rel. Knese v. Kinsey, 314 Mo. 80, 282 S. W. 437; In re East Bottoms Drainage Dist., 305 Mo. 577, loc. cit. 587, 259 S. W. 89; City of St. Louis v. Dreisoerner, 243 Mo. 217, 147 S. W. 998; City of St. Louis v. Dorr, 145 Mo. 466, 41 S. W. 1094.

In determining the meaning and intent of a statute it is proper to consider the time of its enactment, the surrounding facts and circumstances, the purpose for which the law was enacted, the cause or necessity which induced its enactment, the prior condition of the law, the mischief sought to be remedied, contemporaneous and prior historical events which may have influenced the enactment; in other words, the judicial interpreters of the law should put themselves as near in the position of the makers of the law as possible in order to more correctly ascertain their intent in its enactment. [Sutherland on Statutory Construction (2 Ed.), Sec. 456, p. 864, Sec. 471, p. 883.]

Section 25 of the Liquor Control Act (Law of Missouri, Extra Session, 1933-1934, p. 88), as said section stood at the time of the institution of this suit, was as follows:

"Sec. 25. Cities may charge for licenses. . . . The Board of Alderman, City Council or other proper authorities of incorporated cities may charge for licenses issued to manufacturers, distillers, brewers, wholesalers and retailers of all intoxicating liquor, within their limits, fix the amount to be charged for such license, and provide for the collection thereof, make and enforce ordinances for the regulation and control of the sale of all intoxicating liquor within their limits, not inconsistent with the provisions of this act, and provide for penalties for the violation thereof."

The 58th General Assembly, by committee substitution for Senate Bill No. 30, approved May 9, 1935, amended said Section 25 by inserting the word "located" between the word "liquor" and the word "within," making that portion of said Section 25 read as follows:

"The Board of Aldermen, City Council or other proper authorities of incorporated cities may charge for licenses issued to manufacturers, distillers, brewers, wholesalers and retailers of all intoxicating liquor *located* within their limits."

It is charged in the petition, and urged by plaintiff in its brief, that Section 10 of Ordinance No. 40274 of the City of St. Louis, hereinbefore set out, is broader than, and inconsistent with, the provisions of said Section 25 of the Liquor Control Act as originally enacted and by reason thereof the City of St. Louis is without power or authority to enforce such ordinance requiring the plaintiff to pay for a license fee to sell and deliver its beer in the manner and

under circumstances alleged in the petition to retailers in the City of St. Louis or requiring the plaintiff to take out any merchant's license for the sale of its product in the City of St. Louis.

The determination of this question necessarily involves the meaning and proper interpretation of said Section 25 of the Liquor Control Act. Putting ourselves near as humanly possible in the position of the makers of the law at the time of its enactment and taking into consideration the surroundings and comtemporaneous and prior history, we are forced to the conclusion that the primary and principal objective of the lawmakers was to raise much needed revenue and to stimulate and encourage the establishment and maintenance of brewery plants in order to meet, to some degree, the distressing and pressing problems of state-wide and nation-wide unemployment. The great depression which had been in existence, and which, probably, reached its worst states in the year 1933, had dried up many sources of the supply of necessary revenue to finance the State and local governments and all of their usual and varied activities. The same year of 1933 witnessed the repeal of the Eighteenth Amendment, by the archaic and cumbersome method in vogue, resulting in the adoption of the Twenty-first Amendment to the Federal Constitution. Therefore, the States which, like Missouri, passed laws in harmony with the changed conditions growing out of the abrogation of the Eighteenth Amendment, found opened up to them a great field for securing much needed revenue from intoxicating liquors, which had been denied to them for years theretofore.

Now, if the construction to be placed on Section 25 of the Liquor Control Act should be that the manufacturers or brewers of beer located in one municipality could not sell their products by wholesale in any other municipality in the State without paying a heavy license fee so to do, imposed by each and every municipality in which they might seek to dispose of their manufactured products, it is very apparent that such manufacturers or brewers could not successfully remain in business as they could find no outlet for their products and this result would necessarily defeat what is apparent were the main objectives of the lawmakers at the time of the enactment of said Liquor Control Act. The hoped for revenue which the legislators had in mind would not, and could not, of course, materialize, and, likewise, their other objective of furnishing employment for the unemployed would fall by the wayside. The need for more revenues was pressing; shrinkage in values, by reason of the stagnation in business, made the payment of taxes very burdensome and onerous and, in many cases, impossible, so that laws creating moratoriums on foreclosures and granting relief to overburdened taxpayers were enacted in many states of the American union. Such a construction would necessarily defeat the very objects which the lawmakers

obviously had in mind at the time. So that, when we view all the surrounding circumstances we see a reason for not giving this construction to the provisions of said Section 25 of the Liquor Control Act. A cardinal rule of statutory construction is to give effect to the legislative intent, where ascertainable; another is to favor such a construction which would tend to avoid injustice, oppression, and absurd and confiscatory results and be in harmony with the rules of reason. The benign objectives heretofore pointed out were surely within the legislative intent as shown by all the surrounding circumstances covering the period in which this law was enacted. [Rutter v. Carothers, 223 Mo. 631, 643, 122 S. W. 1056; State ex rel. Emmons v. Farmer, 271 Mo. 306, 316, 196 S. W. 1106; Stack v. Baking Co., 283 Mo. 396, 411, 223 S. W. 89; State ex rel. Taylor v. Daues, 313 Mo. 200, 211, 281 S. W. 398.] The insertion of the word "located" in Section 25 of the Liquor Control Act by the next General Assembly was to make clear the legislative intent in enacting the original section, that a city should not be authorized to exact any license fee from a manufacturer or wholesaler having no place of manufacture or established place of business in said city. [2 Sutherland on Statutory Construction (2 Ed.), p. 777, Sec. 401; Hugo v. Miller, 50 Minn. 105, 52 N. W. 381, loc. cit. 383; 25 R. C. L., p. 1064, Sec. 288; The United States v. Freeman, 3 How. 556, 564, 565, 11 L. Ed. 724, 728.] It follows therefore, that the plaintiff, by the terms of its petition, having no place of manufacture or established place of business located within the limits of the City of St. Louis, was not included in the class enumerated in the statute. Following out this construction of said Section 25 of the Liquor Control Act it follows that the Legislature necessarily excluded and withheld from every municipality of the State right to exact any license fee whatsoever for the manufacture or sale of intoxicating liquor from any person or corporation not embraced within any of the classes there specifically enumerated or not located within the corporate limits of such municipality, thus falling under the rule of statutory construction of *expressio unius est exclusio alterius.* [State ex rel. Conklin v. Sweeney, 270 Mo. 688, loc. cit. 692.]

Insofar as Section 10 of said ordinance of the City of St. Louis purports to require a manufacturer of intoxicating liquor, whose plant is located in another municipality, to take out such license, it is broader than the State law, and therefore, null and void as being contrary to the legislative policy of the State as evidenced by the last proviso of Section 21 of said Liquor Control Act (Laws 1933-1934, 57th General Assembly, Extra Session, p. 84), which has not been repealed or amended and which is as follows:

"Provided further, that manufacturers and blenders of intoxicating liquors shall not be required to take out a merchant's license for

the sale of their products at wholesale at the place of manufacture, or in quantities of not less than one gallon.''

It is urged in support of the ordinance that plaintiff might be taxed as a wholesaler when bringing its products by truck into the City of St. Louis and there selling to retailers. However, it is our opinion that the plaintiff, who is a manufacturer of intoxicating liquors with its plant or place of business located in another city, could not be held subject to taxation in the City of St. Louis, even assuming for the sake of the argument, that when so selling in St. Louis the plaintiff becomes a wholesaler. And, even though assuming that it loses its status as a manufacturer when so selling in the City of St. Louis, yet even as a wholesaler it, having no place of business within said City of St. Louis, could not be held to be *located* within the corporate limits of the City of St. Louis. A wholesaler is merely a species of merchant, a dealer, a trafficer, and the term is defined as ''one who buys in comparatively large quantities and who resells, usually in smaller quantities, but never to the ultimate consumer or an individual unit.'' [Great Atlantic & Pacific Tea Co. v. Cream of Wheat Co., 227 Fed. 46, loc. cit. 47.] ''A manufacturer is one engaged in making materials raw, or partly finished, into wares suitable for use.'' [38 C. J. 968.] A manufacturer must buy, or otherwise procure, the materials out of which to make his finished products, and he must sell the product of his factory after it is finished. ''But such dealings are not his occupation. The one supplies him with the materials with which to pursue it, while the other merely enables him to make the profit earned.'' [Chattanooga Plow Co. v. Hays, 140 S. W. (Tenn.), 1068, 1069-70.]

The proviso to Section 21 of the Liquor Control Act, hereinbefore set out, further tends to support the construction of the State law to the effect that it is the policy of the Legislature to protect the plaintiff, and other manufacturers or brewers similarly situated, from being required to take out a license for the sale of their products at wholesale in other municipalities as well as at the place where manufactured. The holdings of our Supreme Court also, in our opinion, lend support to the construction we have given to the said Section 25 of the Liquor Control Act, and also support our holding that the ordinance of the City of St. Louis under review is null and void insofar as it undertakes to impose a license to tax on plaintiff under the circumstances shown by the petition. [City of Ozark v. Hammond, 329 Mo. 1118, et seq., 49 S. W. (2d) 129; City of St. Clair v. George, 225 Mo. App. 30, 33 S. W. (2d) 1019; City of St. Charles v. Nolle, 51 Mo. 122, 11 Am. Rep. 440. See also City of Cairo v. Adams Express Co., 54 Ill. App. 67; City of Argenta v. Keith, (Ark.), 197 S. W. 686.]

City of Ozark v. Hammond, *supra,* is a typical case showing the attitude of our Supreme Court on the principle involved in the instant case. Ozark, a city of the fourth class, undertook to compel the Nafziger Baking Company to pay a license fee under an ordinance of that city and upon the company's refusal to pay such fee, Hammond, its agent, was prosecuted. The bakery had its principal office in Springfield, Missouri, where it manufactured its products and regularly transported some of them into Ozark by truck as well as into other cities and towns and delivered the same to retailers for resale. Section 7046, Revised Statutes Missouri 1929, applicable to cities of the fourth class, authorized the levying of an occupation tax upon merchants of all kinds as well as upon the business of manufacturers. The Supreme Court held that the City of Ozark had no power to impose a license tax upon business done in said city by the Nafziger Baking Company. Referring to the business done by the baking company in the City of Ozark, the court said:

"That business as described and set forth in the agreed statement of facts is nowhere specifically named in Section 7046. . . . Said section 7046 in its enumeration of persons upon whom an occupation tax may be imposed by cities of the fourth class includes 'merchants of all kinds.' But the baking company is a manufacturer and not a merchant (State v. Lanasa, 151 La. 706.) A merchant is one who is engaged in the purchase and sale of goods; a trafficer; a trader (Viquesney v. Kansas City, 305 Mo. 488, 266 S. W. 700). A manufacturer is one engaged in making materials, raw or partly finished, into wares suitable for use. . . . This section also includes the business of manufacturing and other corporations or institutions." But, of course, the statute does not attempt to confer upon cities of the fourth class authority to impose a tax on corporations whose manufacturing operations are conducted wholly beyond their territorial limits. . . . The language of the ordinance in question is very broad; in so far as it includes a business such as the baking company was doing within its territorial limits it is void."

To like effect the other cited authorities hold.

It will be noted that our Supreme Court, in the excerpt set out hereinbefore from its opinion in City of Ozark v. Hammond, *supra,* held that the Nafziger Baking Company, in thus selling its manufactured products in the City of Ozark, was not a merchant in so doing, but was a manufacturer, which holding tends to support the plaintiff's contention in the instant case that when it sold and delivered its manufactured products to retailers in the City of St. Louis, it did not become a wholesaler or a merchant in so doing, but still maintained its status as a manufacturer.

It follows from these views that the trial court erred in sustaining the demurrer to plaintiff's petition and in dismissing same, and

in rendering final judgment against plaintiff. It is therefore ordered that the action of the trial court in sustaining the demurrer to plaintiff's petition and in dismissing the same and rendering a final judgment against plaintiff, be, and the same is hereby reversed and the cause is remanded with directions to the lower court to set aside its said order and judgment and proceed with the disposition of the cause in a manner consistent with the views herein expressed. *Becker* and *McCullen, JJ.*, concur.