GUS NICKOLS ET AL., Appellants, v. CITY OF NORTH KANSAS CITY ET AL., Respondents.—Nos. 40783 and 40784.—214 S. W. (2d) 710.

Division One, November 8, 1948.

*Wherritt & Sevier*, by *Robert F. Sevier*, *Lyman Field* and *Clay C. Rogers* for appellants.

404

*Ward A. Dorsey* for respondents.

[711] CLARK, J.—By stipulation these appeals in two cases are consolidated and submitted on an agreed statement under Section 136 of the Code of Civil Procedure.

Plaintiffs below appeal from judgments of the circuit court refusing to enjoin the enforcement of ordinances of the respondent, a city of the fourth class. Appellants are operators of taverns licensed to sell beer containing more than one-half of one per cent of alcohol by volume and not more than 3.2% by weight. The ordinances make it a misdemeanor, punishable by fine, to sell such beer in the city on Sunday.

We have jurisdiction because a constitutional question has been properly raised and preserved. In addition to the attack on constitutional grounds, appellants also attack the ordinances on statutory grounds. [Unless otherwise specified statutes referred to will be sections of Revised Statutes of Missouri, 1939, and corresponding sections of Mo. R. S. A.]

Stated in different language from that in their brief, appellants' contentions amount to this: the ordinances are invalid because in conflict with the Missouri Liquor Control Act of 1933; that Act repeals by implication Section 4742; the ordinances violate Sections 2 and 10 of Article I of the Missouri Constitution in that they deprive appellants of their property and rights without due process of law.

Section 4742, commonly known as the Sunday Blue Law, has been on our statute books since 1825. It provides: -

. "Every person who shall expose to sale any goods, wares or merchandise, or shall keep open [712] any ale or porter house, grocery or tippling shop, or shall sell or retail any fermented or distilled liquor on the first day of the week, commonly called Sunday, shall, on conviction, be adjudged guilty of a misdemeanor and fined not exceeding fifty dollars" ($50.00).

Appellants say that Section 4742, so far as it applies to the sale of 3.2% beer, has been repealed by implication by the Liquor Control Act. It is unnecessary to decide that point for we believe the ordinances are not dependent for validity upon that section. [But see State v. Malone, 238 Mo. App. 939, 192 S. W. (2d) 68.]

We agree with appellants that as the sale of 3.2% beer has been legalized by statute, a city of the fourth class is powerless to

*prohibit* such sale by ordinance, but we do not agree that such a city is powerless to reasonably *regulate* such sale.

Section 7168 provides that cities of the fourth class "shall have power to enact and ordain any and all ordinances not repugnant to the Constitution and laws of this state, and such as they shall deem expedient for the good government of the city, the preservation of peace and good order, the benefit of trade and commerce and the health of the inhabitants thereof, and such other ordinances, rules and regulations as may be deemed necessary to carry such powers into effect, and to alter, modify or repeal the same."

Section 4954, a part of the Liquor Control Act, says that the proper authorities of incorporated cities may "make and enforce ordinances for the regulation and control of the sale of nonintoxicating beer within their limits, not inconsistent with the provisions of this article, and provide penalties for the violation thereof."

Appellants argue that the Liquor Control Act has preempted the field of liquor legislation, both as to intoxicating and nonintoxicating liquor, to such an extent as to leave little power of regulation in the cities. They further say, that as that Act [secs. 4891-2] provides that intoxicating liquor cannot be sold during certain hours on week days and not at all on Sundays, and provides [section 4995] that nonintoxicating beer may not be sold between 1:30 a. m. and 6:00 a. m., but does not prohibit such sale during other hours nor on Sundays, a city by ordinance cannot further restrict such sales.

The Liquor Control Act is comprehensive, but not all-inclusive, and we so decided in a case cited by appellants, State ex rel. v. Womach, 355 Mo. 486, 196 S. W. (2d) 809. The Act itself [section 4954, supra] expressly grants *some* power to cities "for the regulation and control of the sale of nonintoxicating beer." Section 7168, supra, recognizes that, under an undefined police power, cities may make reasonable regulations for the good government and welfare of their citizens. Whether due to religious sentiment or to the well recognized fact that one day's rest in seven is beneficial to mankind, it is universally held that the police power authorizes different regulations and restrictions as to the conduct of business on the Sabbath from that permissible on other days. [See discussion and citations in City of Springfield v. Smith, 322 Mo. 1129, 19 S. W. (2d) 1, l. c. 4-5, and in State v. Malone, 238 Mo. App. 939, 192 S. W. (2d) 68.] That is illustrated by the Liquor Control Act which licenses the sale of intoxicating liquor on week days, but prohibits it entirely on Sundays.

The fact that the city is powerless to completely prohibit the sale of nonintoxicating beer does not necessarily mean that it may not partially prohibit such sale by confining the same to week days. It may as well be argued that because the city has no power to confiscate one's property by taxation it has no power to tax at all. Many

legal regulations may amount to a partial prohibition or restriction of business.

The validity of the ordinances depend upon whether they are reasonable and whether they are in harmony with our statutes and our constitution.

The ordinances, upon their faces, do not appear to be unreasonable. Therefore the burden was upon appellants to establish the fact of unreasonableness if such be the fact. This they have failed to do by either proof or argument. [Bellerive [713] Inv. Co. v. Kansas City, 321 Mo. 969, 13 S. W. (2d) 628; Hislop v. City of Joplin, 250 Mo. 588, 157 S. W 625.]

Under previous decisions of this court and of the St. Louis Court of Appeals, the ordinances do not conflict with our statutes. The case of City of Flat River v. Mackley, (Mo. App.) 212 S. W. (2d) 462, is squarely in point. There a city ordinance substantially like those here, prohibiting the sale of 3.2% beer on Sunday, was held valid. In Vest v. Kansas City, 355 Mo. 1, 194 S. W. (2d) 38, Division One of this court upheld a city ordinance requiring barbers to be examined at least once every six months by the City Director of Health. The state law requires them to be examined at least once a year, and oftener if required by the State Board of Barber Examiners, by a physician designated by the State Board of Health. We said: "The fact that a state has enacted regulations governing an occupation does not of itself prohibit a municipality from exacting additional requirements. So long as there is no conflict between the two, both the statute and ordinance will stand." In Zinn v. City of Steelville, 351 Mo. 413, 173 S. W. (2d) 398, this court, En Banc, upheld a city ordinance forbidding music or dancing in any place where intoxicating liquor or nonintoxicating beer is sold. What we there said anent the power of cities to regulate such occupations is applicable to the facts in the instant case. Again this court, En Banc, in State ex rel. v. Womach, 355 Mo. 486, 196 S. W. (2d) 809, upheld a city ordinance limiting the number of places at which intoxicating liquor may be sold, notwithstanding the Liquor Control Act provides no such limitation. We held the ordinance to be regulatory and not prohibitory.

We hold that the ordinances in the instant case constitute a reasonable exercise of the power of the respondent city, and do not conflict with our statutes or constitution.

We notice one other point made by appellants, to wit, that the ordinances violate the rights granted to appellants by their licenses.

A city cannot grant away its police power. The licenses are not contracts. They are permits, subject to reasonable future regulation or modification. [State v. Parker Distilling Co., 236 Mo. 219, 139 S. W. 453.]

We have examined the cases cited by appellants and find nothing in them which conflicts with the conclusions we have reached. Accordingly the judgments of the circuit court are *affirmed*. All concur.