THE CITY OF MARYVILLE, MISSOURI, Respondent, v. JOHN R. WOOD, Appellant.—No. 40775.—216 S. W. (2d) 75.

Division Two, December 13, 1948.

Rehearing Denied, January 7, 1949.

*Emmett L. Bartram, Fred M. Switzer, Jr.*, and *Thomas E. Toney, Jr.*, for appellant; *Fahey & Switzer* of counsel.

*J. Dorr Ewing* for respondent.

[76] TIPTON, P. J.—The appellant was tried in the police court of the city of Maryville for violating Ordinance No. 2210 of that city, which ordinance prohibits the sale of intoxicants between 10:00 P. M. and 6:00 A. M. on week days. The judge of that court sustained appellant's motion to quash the complaint and the city appealed the judgment to the circuit court of Nodaway County, and then on change of venue it was tried in the circuit court of Harrison County. That court overruled appellant's motion to quash the complaint. On an agreed statement of facts the court found the appellant guilty of a violation of the ordinance and assessed a fine and cost against him.

On September 17, 1947, the appellant was duly licensed by the State of Missouri and the city of Maryville to sell intoxicating liquors in the original package for consumption off the premises. At 10:40 P. M. on that date he sold Neil Sheehan a pint of wine containing 20 per cent alcohol by volume. The agreed statement of facts further showed that sixty per cent of the intoxicating liquors sold by the appellant at his licensed premises were sold between 9:30 P. M. and 1:30 A. M.

Appellant has raised certain constitutional questions in regard to the validity of this ordinance but in view of certain admissions made in his reply brief it will be necessary to pass on only one question which is stated in his reply brief as follows:

"The respondent's brief reduces this case primarily to the single issue whether the ordinance involved is inconsistent with the Liquor Control Act. We concede that the City of Maryville has the authority to regulate the sale of alcoholic beverages. The respondent concedes that such regulation must not be inconsistent with the Liquor Control Act, so the case turns on this question of consistency or inconsistency, which will determine whether the City of Maryville has the authority to prohibit the sale of alcoholic beverages during hours when it is permitted under the statute."

Both Sections 4891, as amended, and 4892, supra, say: "No person having a license under the provisions of this Act shall sell, give away or otherwise dispose of or suffer the same to be done upon or about his premises, any intoxicating liquor in any quantity between the hours of 1:30 o'clock a. m. and 6:00 o'clock a. m. . . . " Appellant contends that these two sections grant him the affirmative right to sell intoxicating liquors from 6:00 A. M. until 1:30 A. M. of the following day. If he is correct in his interpretation of this law, then of course the ordinance in question is in conflict with the above sections and therefore void. See City of St. Louis v. Klausmeier, 213 Mo. 119, 112 S. W. 516. In that case we held that an ordinance of the city of St. Louis prescribing a penalty for selling dairy products below the standard of that fixed by the Legislature was valid but that part of the ordinance fixing a higher standard than the statute required was invalid to that extent because the ordinance was in conflict with the statute.

Appellant cites the case of Neil House Hotel Co. v. City of Columbus, 144 Ohio St. 248, 58 N. E. 2d 665, to support its construction of these two sections of our Liquor Act. In that case the statutes of Ohio created an agency called the Board of Liquor Control and gave it authority to promulgate rules and orders to carry out the provisions of the Liquor Control Act, including the designation of hours which liquor might be sold. That board of its regulation No. 30 prohibited the sale and consumption of intoxicating liquor between the hours of 2:30 A. M. and 5:30 A. M. [77] The court held that it gave a holder of a D-3a permit the right to sell liquor at all other hours and therefore any ordinance of a city that shortened the hours that liquor might be sold was in conflict with the statute. As we understand the opinion, the Liquor Control Act of Ohio gave the Board of Control the exclusive right to regulate the conduct of those engaged in the sale of alcoholic beverages. To the same effect is the case of Noey v. City of Saginaw, 271 Mich. 595, 261 N. W. 88. In that case the liquor control commission was given complete control of alcoholic beverage traffic and of course any ordinance that shortened the hours permitted by a regulation of the commission would conflict with the regulation.

But our Liquor Act does not attempt to assert sole control over the subject matter. We have held that the act is "a comprehensive scheme for the regulation and control of the manufacture, sale, possession, transportation and distribution of intoxicating liquor." John Bardenheier Wine & Liquor Co. v. City of St. Louis, 345 Mo. 637, 135 S. W. 2d 345. But it is not all inclusive. State ex rel. Hewlett v. Womach, 196 S. W. 2d 809. In fact, Section 4904, R. S. Mo., 1939, expressly gives a city the right to pass ordinances for the regulation and control of the sale of intoxicating liquors within the city not inconsistent with the provisions of this act. Also, Section 4908 provides that the provisions of these acts shall be in force in every city of this state, any ordinance to the contrary notwithstanding. The limitation requiring consistency with the state laws would apply even though not expressly stated in this act. State ex rel. v. Womach, supra. Without these sections a city would have the power to enact legislation that is consistent with a state statute. Section 7442, R. S. Mo., 1939, expressly gives it that right.

The fact that this Liquor Act expressly gives a city the power to enact ordinances regulating the retail sale of intoxicating liquors that are not inconsistent with the Liquor Act is indicative of the fact that the Legislature intended to give cities the power to enact regulations in addition to those prescribed by the State Liquor Act.

Construing Sections 4891 and 4892 in the light of the whole Liquor Control Act, we are of the opinion that these two sections do not give the holder of a state license the absolute right to sell intoxicating liquors from 6:00 A. M. until 1:30 A. M. the following morning. Therefore, a city ordinance requiring a closing time before 1:30 A. M. is not inconsistent with these two sections.

In the case at bar, the respondent city has not undertaken to prohibit the sale of intoxicating liquors within its corporate limits but only to regulate its sale by requiring a closing time of 10:00 P. M.

In the recent case of Nickols v. City of North Kansas City, Nos. 40783 and 40784, 358 Mo. 402, 214 S. W. 2d 710, we said:

"The fact that the city is powerless to completely prohibit the sale of nonintoxicating beer does not necessarily mean that it may not partially prohibit such sale by confining the same to week days. It may as well be argued that because the city has no power to confiscate one's property by taxation it has no power to tax at all. Many legal regulations may amount to a partial prohibition or restriction of business."

In that case the city of North Kansas City passed an ordinance prohibiting the sale of nonintoxicating beer on Sunday, while the statute only provided that nonintoxicating beer could not be sold between the hours of 1:30 A. M. and 6:00 A. M. This court held that the ordinance was not inconsistent with the statute and therefore the ordinance was valid.

The fact that an ordinance enlarges upon the provisions of a statute by requiring more than the statute requires creates no conflict unless the statute limits the requirement for all cases to its own prescriptions. Vest v. Kansas City, 194 S. W. 2d 38. The ordinance in question is only an additional regulation to that prescribed by the Liquor Control Act.

It follows that the ordinance is valid and the judgment of the trial court should be affirmed. It is so ordered. *Ellison, J.*, concurs; *Leedy, J.*, absent.