**CRACKERNECK COUNTRY CLUB, INC.,**
**et al., Appellants,**

v.

**CITY OF INDEPENDENCE et al.,**
**Respondents.**

**No. KCD 26428.**

Missouri Court of Appeals,
Kansas City District.

April 1, 1974.

Motion for Rehearing and/or Transfer
Denied May 6, 1974.

C. John Forge, Jr., Independence, for appellants.

James S. Cottingham, City Counselor, Richard G. Carlisle, Asst. City Counselor, Independence, for respondents.

Before DIXON, C. J., and SHANGLER and WASSERSTROM, JJ.

SHANGLER, Judge.

The appellants are duly licensed by the State of Missouri and the City of Independence to operate restaurant-bars and to dispense liquor by the drink from Monday through Saturday. In 1971, the General Assembly enacted Senate Bill No. 148 [§ 311.097, RSMo 1969, V.A.M.S., as amended] which authorized the supervisor of liquor control to license restaurant-bars to sell liquor by the drink at retail for consumption on the premises between the hours of 1:00 p. m. and midnight on Sundays. The appellants Rockwood Country Club and Crackerneck Country Club have been licensed by the State of Missouri to sell liquor by the drink on Sundays. The other appellants have not been so licensed but have submitted applications for such eligibility.

Prior to the enactment of § 311.097, the City of Independence, a constitutional charter city, had adopted ordinances which provided for the sale of intoxicating liquor by its licensees from Monday through Saturday. After the enactment of § 311.097, the City Council of Independence rejected revisions which would have permitted sale of liquor by the drink on Sundays by restaurant-bars. The Council did thereafter amend these regulatory ordinances, however, to provide for restaurant-bar licensees, a classification not made previously by ordinance, to sell liquor by the drink [presumably to foreclose city licensees falling within the statutory classification from claiming the benefit of § 311.097 is self-enforcing] but did not provide for Sunday sales by such licensees.

The appellants brought their action seeking a declaration that the city ordinance, Chapter 2, Article 1, § 2.180 of the Code of the City of Independence, which prohibits the sale of liquor by the drink on Sundays, be declared void and unenforceable as in conflict with the provisions of § 311.097, and for an injunction to restrain the City of Independence from enforcing the ordinance. A restraining order issued prohibiting the City of Independence from interfering with the sale by appellants of liquor by the drink on Sundays between the hours granted in their state licenses and by § 311.097. Thereafter, the court determined the merits, dissolved the restraining order, and declared that the questioned ordinance was not in conflict with § 311.097, but was valid and enforceable. The appeal is from that judgment.

■ There is no doubt that a city may regulate and control the sale of intoxicating liquor. That power is specifically granted by § 311.220[2] of the Liquor Control Law, but to be valid, the regulatory municipal ordinance must be in harmony with the statutory law upon the same subject. § 311.220[2]; State ex rel. Hewlett et al. v. Womach, 355 Mo. 486, 196 S.W.2d 809, 812[1] (Banc 1946); Fischbach Brewing Company v. City of St. Louis, 231 Mo.

App. 793, 95 S.W.2d 335, 338[2] (1936). The question, then, is whether Chapter 2, Article 1, § 2.180 of the Code of the City of Independence, which prohibits the sale of intoxicating liquor by the drink on Sundays by any city licensee, is in conflict with § 311.220[2] which permits such dispensation on Sundays between the hours of 1:00 p. m. and midnight by a state restaurant-bar licensee.

■ As a general rule, an ordinance which supplements a state law and enlarges upon the requirements of the statute creates no conflict unless the statute limits the requirement for all cases to its own prescriptions. Vest v. Kansas City, 355 Mo. 1, 194 S.W.2d 38, 39[2–4] (1946). An ordinance and a statute are in conflict when their express or implied provisions are so inconsistent and irreconcilable that the statute annuls the ordinance. City of St. Louis v. Klausmeier, 213 Mo. 119, 112 S. W. 516, 518–519[3] (Banc 1908). And although an ordinance may enlarge upon the provisions of a statute by requiring more than the statute requires, it may not prohibit what the statute permits or permit what the statute prohibits. State v. Womach, *supra*, 196 S.W.2d l.c. 815; Nickols v. North Kansas City, 358 Mo. 402, 214 S. W.2d 710, 712[1] (1948).

Thus, the added requirement of an ordinance that registered barbers be examined every six months was held not to be inconsistent with the statute which required such examination only once a year. Vest v. Kansas City, *supra*. And an ordinance which prohibited the sale of alcoholic beverages during hours permitted by statute was found not to be inconsistent with the statute. City of Maryville v. Wood, 358 Mo. 584, 216 S.W.2d 75 (1948). Ordinances which limited the number of liquor by the drink licenses issued within the city [State ex rel. Kopper Kettle Restaurants, Inc. v City of St. Robert, 424 S.W.2d 73 (Mo.App.1968)] and which restricted the sale of package liquor to certain types of businesses [State ex rel. Kemerling v. Peterson, 240 Mo.App. 700, 214 S.W.2d 739

(1948)], although the Liquor Control Law imposed no such restrictions upon its licensees, were held to be valid and not out of harmony with the statute. On the other hand, a city liquor ordinance which is inconsistent with the provisions of the Liquor Control Law as to the same subject matter may not stand. Thus, an ordinance which undertakes to exact a license fee from liquor manufacturers located outside the city enacting the ordinance is in conflict with the statute which authorized the imposition of such fees only from liquor manufacturers within the city's limits. Fischbach Brewing Co. v. City of St. Louis, *supra*. See, also, City of St. Louis v. Klausmeier, *supra*.

On these principles and precedents, we conclude that, to the extent § 2.180 of the Code of the City of Independence undertakes to forbid the sale of liquor by the drink on Sunday by state restaurant-bar licensees, it imposes a new and different standard from the prescription of § 311.097 of the Liquor Control Law, is prohibitory rather than regulatory, and for that reason, invalid. We come to this conclusion because the grant by the state supervisor of liquor control of restaurant-bar licenses to appellants under § 311.097 confers a privilege distinct and different in qualification and subject-matter from other licenses conferable under the Liquor Control Law. And it is no answer [as—relying on City of Maryville v. Wood and Nickols v. City of North Kansas City, *supra*,—respondent City would assert] that § 2.180 merely prohibits appellants from Sunday sales of liquor by the drink but does not otherwise affect their exercise of week-day and Saturday [until 1:30 a. m. on Sunday] sales under their separate state license, and is thus an additional regulation which only enlarges upon the provisions of § 311.097 and therefore valid under the principles of Vest v. Kansas City and State ex rel. Hewlett v. Womach, *supra*.

This argument is untenable and the authorities cited inappropriate for these reasons: Appellants hold state licensure for sale of liquor by the drink at retail for consumption on the premises under two separate provisions of the Liquor Control Law, § 311.200[4] and § 311.097. The qualifications and benefits under each licensing statute, however, are different. The license granted under § 311.200[4] requires only that the licensee, having paid the requisite fee and otherwise qualified according to law, dispense liquor by the drink at retail for consumption on premises approved by the supervisor of liquor control [§ 311.090], confined to the hours prescribed by § 311.290. The license granted under § 311.097, on the other hand, is for sale of liquor by the drink at retail, only on Sunday between the hours of 1:00 p. m. and midnight, for consumption on the premises of a restaurant-bar and requires that the licensee, having paid the requisite fee and otherwise qualified according to law, also qualify as "[an] establishment having a restaurant or similar facility on the premises at least fifty percent of the gross income of which is derived from the sale of prepared meals or food consumed on such premises." It is clearly evident that a license under § 311.097 is not merely an extension of a license which has issued under § 311.200[4]. These sections, although parts of the same comprehensive scheme of liquor control [John Bardenheier Wine & Liquor Co. v. City of St. Louis, 345 Mo. 637, 135 S.W.2d 345, 346 (Banc 1939)] were enacted at different times and are disparate as to specific subject-matter. See, State v. Wipke, 345 Mo. 283, 133 S.W.2d 354, 356[2] (Banc 1939). A licensee under § 311.200[4] may not lawfully sell liquor by the drink on Sunday between the hours of 1:00 p. m. and midnight, and a licensee under § 311.-097 may not sell liquor by the drink on week days and Saturdays. Thus, an ordinance which prohibits a restaurant-bar licensee under § 311.097 from the Sunday sale of liquor by the drink, impairs the privilege accorded by that statute, nullifies the grant of a state license under the law by the supervisor of liquor control, and is invalid. State ex rel. Collins v. Keirnan, 240 Mo.App. 403, 207 S.W.2d 49, 54[10]

(1947); State ex rel. Kopper Kettle Restaurants, Inc. v. City of St. Robert, *supra,* 424 S.W.2d l.c. 80[16].

The salient authorities urged by the respondent City in support of the contention that § 2.180 is merely regulatory of § 311.-097, and therefore valid, relate to ordinance enactments different in purpose and effect from the one we consider. In Nickols v. North Kansas City, *supra,* the Supreme Court of Missouri held that a city ordinance which made unlawful the sale of 3.2% beer on Sunday was regulatory of, and not in conflict with, a state licensing statute which authorized such sale on every day, except between the hours of 1:30 a. m. and 6:00 a. m. The distinction between the effect of that ordinance and of § 2.180, however, is that while the former, by forbidding Sunday sales, merely required more than the statute required but otherwise left the exercise of the state license reasonably intact, and therefore was validly regulatory, § 2.180 would operate to nullify the state license altogether, and therefore is invalidly prohibitory. This rationale is made explicit in the *Nickols* case, 214 S.W.2d l.c. 712:

> We agree with appellants that as the sale of 3.2% beer has been legalized by statute, *a city . . . is powerless to prohibit such sale by ordinance,* but we do not agree that a city is powerless to reasonably regulate such sale.

> .   .   .   .   .   .
> The fact that the city is powerless to completely prohibit the sale of nonintoxicating beer does not necessarily mean that it may not partially prohibit such sale by confining the same to week days. (Emphasis supplied)

To the same effect is City of Flat River v. Mackley, 212 S.W.2d 462 (Mo.App.1948).

The other decision upon which respondent City places primary reliance for its assertion that § 2.180 is a valid regulation harmonious with § 311.097, City of Maryville v. Wood, *supra,* no more supports that proposition than does *Nickols.* In *Maryville,* an ordinance which prohibited the sale of intoxicants after 10:00 p. m. on week days was held not to be inconsistent with the statute which permitted such sales until 1:30 a. m. on week days. The court observed, first, [216 S.W.2d l.c. 77]

> In the case at bar, the respondent *city has not undertaken to prohibit the sale of intoxicating liquors* within its corporate limits but only to regulate its sale by requiring a closing time of 10:00 P. M.

and then reaffirmed its holding in *Nickols*

> The fact that *the city is powerless to completely prohibit the sale of nonintoxicating beer* does not necessarily mean that it may not partially prohibit such sale by confining the same to week days. (Emphasis supplied.)

The effect of § 2.180, however, is not a reasonable delimitation of the hours between 1:00 p. m. and midnight on Sunday during which restaurant-bar licensees may sell liquor by the drink on Sunday, under § 311.097, but a denial altogether of the benefit of the state license issued under that statute.

We conclude that, as it applies to restaurant-bar licensees, Chapter 2, Article 1, § 2.180 of the Code of the City of Independence is inconsistent with the provisions of § 311.097, and therefore invalid. The judgment is reversed and the cause remanded with directions that the trial court enter a declaration in accordance with the determination of this opinion.

All concur.