Dear Ms. Marriott:
Your official request for an opinion concerns the following question of law:
 Since the passage of Senate Bill No. 192, the State will allow the sale of liquor on certain election days. Does this new state law take precedence over existing city and municipal ordinances now in effect?
You stated in your opinion request the following facts giving rise to the question of law:
 It seems that in most of the cities and municipalities in the state the city and municipal ordinances in force are keeping many liquor establishments closed on election day even though the legislature passed S.B. # 192 allowing them to be open on certain election days.
Senate Bill No. 192, First Regular Session, 80th General Assembly relates to the sale of intoxicating liquor on certain election days and repealed §§ 311.290 and 311.480, RSMo 1978 and enacted in lieu thereof, two new sections, §§ 311.290 and 311.480, RSMo 1979 Supp. (effective January 1, 1980). Section 311.290, RSMo 1978 stated in pertinent part:
 No person having a license under this law nor any employee of such person shall sell, or give away or otherwise dispose of, or suffer the same to be done upon or about his premises, any intoxicating liquor in any quantity. . . after 1:30 a.m. upon the day of any general, special or primary election in this state at which candidates for public office are elected or nominated or after 1:30 a.m. upon the day of any county, township, city, town or municipal election at which candidates for public office are elected or nominated, and if said person has a license to sell intoxicating liquor by the drink, his premises shall be and remain a closed place as defined in this section after 1:30 a.m. . . . [E]xcept that the sale of intoxicating liquor may be resumed and the premises reopened on any such election day after the expiration of 30 minutes next following the hour of time fixed by law for the closing of the polls at any such election. [emphasis added]
Section 311.290, RSMo 1979 Supp. (effective January 1, 1980), states in pertinent part as follows:
 No person having a license under this law nor any employee of such person shall sell, give away or otherwise dispose of, or suffer the same to be done upon or about his premises, any intoxicating liquor in any quantity. . . after 1:30 a.m. upon the day of any general or primary election
in this state at which candidates for public office are elected or nominated. If the person has a license to sell intoxicating liquor by the drink, his premises shall be and remain a closed place as defined in this section after 1:30 a.m. upon the day of any general or primary election in this state at which candidates for public office are to be elected or nominated. . . except that the sale of intoxicating liquor may be resumed and the premises reopened on any general or primary election day after the expiration of 30 minutes next following the hour or time fixed by law for the closing of the polls at any such election. [emphasis added]
The purpose of Senate Bill No. 192 was to permit the sale of intoxicating liquor in any quantity on the day of any special, county, township, city, town or municipal election. The sale of liquor on days of general and primary elections are still prohibited as provided by § 311.290, RSMo 1979 Supp. (effective January 1, 1980).
There is no doubt that a city may regulate and control the sale of intoxicating liquor as that power is specifically granted by § 311.220(2), RSMo 1978. However, in order for the municipal ordinance to be valid, it must be in harmony with the statutory law upon the same subject. § 311.220(2); State ex relHewlett et al. v. Womach, 355 Mo. 486, 196 S.W.2d 809, 812 (banc 1946); Fishbach Brewing Company v. City of St. Louis,231 Mo.App. 793,95 S.W.2d 335, 338 (1936); Crackerneck Country Club, Inc., v.City of Independence, 522 S.W.2d 50, 51 (Mo.App., K.C.D. 1974). In this respect, it has been held that an ordinance and a statute are in conflict when their express or implied provisions are so inconsistent and irreconcilable that the statute annuls the ordinance. City of St. Louis v. Klausmeier, 213 Mo. 119,112 S.W. 516, 518-519 (banc 1908); Crackerneck Country Club, Inc. v.City of Independence, supra. at 51. Although an ordinance may enlarge upon the provisions of a statute by requiring more than the statute requires, it may not prohibit what the statute permits nor permit what the statute prohibits. State v. Womach, supra
at 815; Nickols v. North Kansas City, 358 Mo. 402, 214 S.W.2d 710,712 (1948).
It has been held that an ordinance which prohibited the sale of alcoholic beverages during hours permitted by statute wasnot inconsistent with the statute. City of Maryville v. Wood,358 Mo. 584, 216 S.W.2d 75 (1948). But, in this respect, see also Attorney General Opinion letter No. 97 rendered on September 22, 1975, wherein this office expressed the opinion that:
 A city does not have the authority by ordinance to prohibit the sale of intoxicating liquor on Sunday by those holding licenses issued by the State of Missouri pursuant to the provisions of § 311.095 and § 311.097
[restaurant bar-Sunday license].
That opinion relied on the decision of the Kansas City Court of Appeals in Crackerneck Country Club, supra, wherein the Court of Appeals held that a municipal ordinance for the City of Independence was prohibitory rather than regulatory and, for that reason, invalid. The court came to that conclusion because the ordinance was in conflict with § 311.097 RSMo 1978, as the ordinance operated to "nullify" the State Sunday license altogether and was therefore invalidly prohibitory.
In Crackerneck, supra, the Court distinguished Nickols v.North Kansas City, supra, wherein the Supreme Court of Missouri held that a city ordinance which made unlawful the sale of 3.2% beer [nonintoxicating beer] on Sunday was regulatory of, and not in conflict with, a state licensing statute which authorized such sale every day, except between the hours of 1:30 a.m. and 6:00 a.m. The distinction, the Kansas City Court of Appeals reasoned, lies in the fact that the Nichols ordinance left the State license reasonably intact since under the license, the retailer could still sell 3.2% beer the remaining six days of the week.
The precise issue presented to this office for opinion is whether a municipality may by ordinance prohibit the sale of liquor on certain election days wherein the state liquor control laws allow such a practice. This office, with respect to the precise question, has found no controlling case authorities nor Attorney General Opinions. It should be noted at this point, however, that the rationale employed by the above-mentioned appellate decisions can be extended for the purpose of resolving this precise issue.
Senate Bill No. 192 repealed §§ 311.290 and 311.480, RSMo 1978 and enacted in lieu thereof two new sections, 311.290 and 311.480, RSMo 1979 Supp. The bill basically changed the State prohibition against selling intoxicating liquor on days of special, county, township, city, town or municipal elections. The bill did not provide for the granting of a special license by the Supervisor of Liquor Control for the sale of intoxicating liquors on the above-mentioned election days. Therefore, it is the opinion of this office, that a municipal ordinance prohibiting the sale of intoxicating liquors on the above-mentioned election days would not be invalidly prohibitory, but rather, validly regulatory as it would not operate to nullify the state license altogether.
CONCLUSION
It is, therefore, the opinion of this office that it is lawful for a city or municipality to enact an ordinance prohibiting the sale of liquor on days of any special, county, township, city, town or municipal election.
The foregoing opinion, which I hereby approve, was prepared by my Assistant, Edward F. Downey.
Very truly yours,
 JOHN ASHCROFT Attorney General