**STATE of Missouri, Respondent,**

v.

**Leo P. BURNAU, Appellant.**

No. 64061.

Supreme Court of Missouri,
En Banc.

Dec. 3, 1982.

Claude Hanks, Creve Coeur, for appellant.

John Ashcroft, Atty. Gen., William Newcomb, Jr., Asst. Atty. Gen., Jefferson City, for respondent.

HIGGINS, Judge.

Leo Burnau was convicted of selling fireworks at retail outside the time periods authorized by section 320.150 RSMo 1978; he was fined ten dollars. Judgment was rendered accordingly. In the Court of Appeals, Southern District, he contended the statute under which he was convicted is unconstitutionally vague and charged the evidence was not sufficient to support his conviction. The Southern District transferred the case to this Court before opinion because the case involves the validity of a statute of this state. Affirmed.

Defendant operates a fireworks stand near Osage Beach, Missouri. On June 9, 1981, a Camden County Deputy Sheriff purchased $5.30 worth of fireworks from the stand. The deputy then arrested Burnau for violating section 320.150, which prohibits retail sale of fireworks before the twentieth day of June.

Deputy Hill was assigned to purchase fireworks from defendant's stand on June 9, 1981. She attempted to purchase a few items and was informed a five dollar minimum purchase was required. She added merchandise until her purchase amounted to $5.30. While choosing fireworks and again while paying for them, deputy Hill was told by the defendant that the fireworks were sold at wholesale prices. She further testified various signs were posted indicating purchasers agreed the fireworks were sold at wholesale; there would be no exceptions to this agreement; and there was a five dollar minimum purchase. Deputy Hill was not asked whether she had a retail sales tax number or if she intended to resell the fireworks.

The defendant testified he had two fireworks stands; one which sold fireworks at retail prices and one which sold at wholesale prices; a license to that effect was posted in each stand. The retail stand was a trailer immediately adjacent to the wholesale stand. Fireworks were sold at retail only during the prescribed statutory period. The defendant testified his understanding of the difference between wholesale and retail was based on price and quantity: Wholesale prices were lower than retail prices and wholesale purchases were made in greater quantity than retail purchases. Further testimony indicated almost all of defendant's fireworks sales were made at the wholesale stand. Sales were made to anyone who came to the wholesale stand. Defendant testified 80–90% of his sales were made to out-of-state residents whom he believed resold the fireworks out of state. He arrived at this conclusion by observing the license plates of his customers and noting the quantity they purchased. No purchasers were asked for a retail tax number; defendant paid retail sales tax on all sales.

■ Appellant contends section 320.150 is unconstitutionally vague. Statutes cannot be held unconstitutional if they are susceptible to any reasonable construction supporting their constitutionality. *Diemer v. Weiss,* 343 Mo. 626, 627, 122 S.W.2d 922, 923 (1938). Statutes are presumed constitutional unless they clearly contravene a constitutional provision. *Prokopf v. Whaley,* 592 S.W.2d 819, 824 (Mo. banc 1980). Language in a statute which is so confusing that its intent cannot be discerned with reasonable certainty, renders the statute void. *Id.* at 824. Appellant asserts failure to define the term "retail" renders the statute "so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application." *State v. Crawford,* 478 S.W.2d 314, 317 (Mo.1972). Thus, the question is whether the term "retail" is so technical that it requires definition before a person using ordinary common sense can understand its meaning. This Court has held that when not defined by act, retail means "sale in small quantity or direct to the consumer, as distinguished from the word wholesale meaning a sale in large quantity to one who intends to resell." *Fountain v. St. Joseph Water Co.,* 352 Mo. 817, 180 S.W.2d 28, 31 (Mo.1944). A wholesaler is one who "never sells to the ultimate consumer...." *Fischback Brewing Co. v. City of St. Louis,* 231 Mo.App. 793, 95 S.W.2d 335, 340 (1936).

■ This interpretation is supported by an analysis of the legislature's intent in enacting section 320.120. The first rule of statutory construction is to give effect to the intent of the legislature. 2A C. Sands, Sutherland Statutory Construction § 45.05 (4th ed. 1972). Words used in a statute must be accorded their plain and ordinary meaning. *City of Willow Springs v. Missouri State Librarian,* 596 S.W.2d 441, 445 (Mo. banc 1980). Section 320.150 is designed to restrict the use of fireworks by prohibiting their sale to ultimate users during certain time periods. This interpretation is supported by the plain and ordinary meaning of the term "retail": sale in small quantities or direct to the consumer. *Fountain,* 180 S.W.2d at 31; *Fischback,* 95 S.W.2d at 340. The term "retail" has a plain and ordinary meaning cognizable by the ordinary person.

Defendant's understanding of the difference between wholesale and retail sales is that retail prices are higher than wholesale prices; yet he evidenced a more accurate understanding of the term when considering tax consequences. He understood that wholesalers need not pay retail sales tax. He understood all he needed to do to avoid such tax was obtain a retail sales tax number from purchasers; he collected and paid retail sales tax on everything he sold.

■ Appellant charges the evidence presented at trial was not sufficient to support his conviction. When considering sufficiency of the evidence, all evidence in the record which supports the verdict, together with all appropriate inferences is taken as true; no consideration is given adverse evidence or inferences. *State v. Morgan,* 592 S.W.2d 796, 805 (Mo. banc 1980); *State v. Lee,* 556 S.W.2d 25, 32 (Mo. banc 1977). Appellate review is limited to determining whether there was sufficient evidence from which reasonable persons could have found the defendant guilty as charged. *State v. Kelly,* 539 S.W.2d 106, 109 (Mo. banc 1976).

■ In this case, a deputy sheriff testified she purchased a small quantity of fireworks from the appellant's fireworks stand on June 9, 1981. Retail sales are statutorily prohibited until June 20. The deputy was not asked to produce a retail sales tax number nor was she required to identify herself as a retailer. She was an ultimate consumer of the merchandise. The defendant's own testimony indicates he sold to anyone who "walked in off the street." Sufficient proof was introduced from which the court as the finder of fact could reasonably have found the defendant guilty as charged. *Kelly,* 539 S.W.2d at 109.

The judgment of the trial court is affirmed.

DONNELLY, C.J., RENDLEN, SEILER, WELLIVER and GUNN, JJ., and FINCH, Senior Judge, concur.

BILLINGS, J., not sitting.