Dear Representative Birch:
This letter is in response to your questions asking as follows:
 Does a county planning and zoning commission created pursuant to any of the following: Sections 64.010, 64.215, 64.510, or 64.800
RSMo have the power to subpoena witnesses to appear before it?
 Does the county governing body in a second class county have the power to issue subpoenas for witnesses to appear before the county governing body?
 Does the county governing body in a second class county have the power to command the county clerk to issue subpoenas for witnesses to appear before a county planning and zoning commission which is in existence in such a county?
Our review of the sections you cite and related sections indicates four sections which specifically authorize subpoenas for witnesses. Section 64.120, RSMo 1978, with respect to certain first class charter counties, provides that the chairman of the county board of zoning adjustment created pursuant to such section has the authority "to administer oaths and compel the attendance of witnesses. . . ." Section 64.281, RSMo 1978, with respect to county boards of zoning adjustments in certain non-charter first-class counties specifically authorizes the chairman to "compel the attendance of witnesses. . . ." Section 64.660, RSMo 1978, with respect to certain third and fourth class counties specifically authorizes the chairman of the county board of zoning adjustment
"to compel the attendance of witnesses. . . ." Further, Section64.870, RSMo 1978, with respect to certain counties which have opted for alternative county planning and zoning, authorizes the chairman of the county board of zoning adjustment "to compel the attendance of witnesses. . . ."
We have found no express language authorizing a county planning and zoning commission to compel the attendance of witnesses.
We do note, however, that the last sentence of Sections64.030 and 64.225, RSMo 1978, provides: "The commission shall have such other powers as may be appropriate to enable it to perform its duties." The last sentence of Sections 64.540 and64.810, RSMo Supp. 1983, provides as follows: "The commission shall have such other powers as may be necessary and proper to enable it to perform the duties imposed upon it by law." In the absence of express statutory authorization for the county planning and zoning commission to issue subpoenas, the answer to your first question turns on whether the power to issue subpoenas is such an "other power" appropriate or necessary to the commission fulfilling its duties.
Our task in rendering this opinion is to seek the intent of the legislature. State v. Burnau, 642 S.W.2d 621 (Mo. banc 1982). The rule of ejusdem generis — that general words following specific words will be construed as limited to things of the same general character as those specified — is an aid in determining legislative intent. Capra v. Phillips Investment Company,302 S.W.2d 924 (Mo. banc 1957). The rule is explained in Betz v.Columbia Telephone Company, 24 S.W. 224 (Mo.App. 1930), where the court interpreted "such other injuries" as follows:
 Where a statute enumerates various injuries which are compensable unconditionally, and is immediately followed by a provision for [such] "other injuries," the last injuries provided for will be read as ejusdem generis with and not of a kind different from those specifically named. They partake of the same kind and character as injuries specifically enumerated . . . . Id. at 227. [Emphasis added.]
Sections 64.030 and 64.225, RSMo 1978, and Sections 64.540
and 64.810, RSMo Supp. 1983, generally provide authority for the commission to "appoint such employees as it may deem necessary for its work . . ." and to "contract with planners and other consultants . . . ." In addition, these sections generally authorize the commission to expend county funds to the level appropriated by the county governing body.
Applying the ejusdem generis rule, we are of the opinion that the "other powers" to which Sections 64.030, 64.225, 64.250,64.810 refer are powers which are of like character to those enumerated in these sections. The power of the commission to compel the attendance of witnesses is not granted by the legislature by the cited language, in our opinion, since such power is not similar to the powers specifically enumerated.
In response to your second question, we note that Section49.210, RSMo 1978, authorizes county courts to compel the attendance of witnesses. No appellate court decisions have been found interpreting Section 49.210. We believe that Section 49.210 by its own terms grants subpoena authority to county courts only to the extent that the testimony sought to be compelled is relevant to action being considered by the county court as a decision-making body.
In answer to your third question, we note the well-settled rule which limits the powers of non-charter counties to those powers expressly or impliedly granted by law. Pearson v. City ofWashington, 439 S.W.2d 756 (Mo. 1969). Thus, where the legislature has prescribed the manner in which a power may be exercised, the right to exercise the power is limited to the manner prescribed. Id.
Section 49.210, as we have indicated, provides that a county court may award process and compel the attendance of witnesses "touching any matter in controversy before them." (Emphasis added.) The commission is composed of certain enumerated persons (Sections 64.020, 64.215, 64.520 and 64.805) including one county judge. The county planning and zoning commission is not the county court. Matters which come before the county planning and zoning commission cannot be said to be before the county court. Therefore, we are of the opinion that Section 49.210 does not grant the county governing body the power to issue subpoenas or to command the county clerk to issue subpoenas for witnesses to appear before a county zoning and planning commission.
In coming to the aforementioned conclusions, we in no way opine as to the power of the county court to enforce its subpoenas.
Very truly yours,
 JOHN ASHCROFT Attorney General