## COMMONWEALTH *vs.* HENRIETTA WISE.

An indictment averring that the defendant kept "a disorderly tenement" charges no offence known to the law.

MORTON, J. Before the jury was empanelled, the defendant filed a motion to quash the indictment on the ground that it set forth no offence known to the law. We are of opinion that this motion should have been granted. The indictment alleges that the defendant on a day named, at Lancaster, "unlawfully did keep and maintain a certain common, ill-governed and disorderly tenement there situate." It was probably intended to charge the common law offence of keeping a disorderly house; but the word

"tenement," though it includes a house or building, has a much more enlarged signification. It signifies land or any corporeal inheritance or anything of a permanent nature which may be holden. 3 Kent Com. (6th ed.) 401. *Sacket* v. *Wheaton*, 17 Pick. 103. The indictment does not "fully and plainly, substantially and formally" describe the offence of keeping a disorderly house, nor any other offence known to the common law or statute. *Exceptions sustained; indictment quashed.*

*M. J. McCafferty*, for the defendant.

*W. G. Colburn*, Assistant Attorney General, (*C. R. Train*, Attorney General, with him,) for the Commonwealth.