## COMMONWEALTH *vs.* CORNELIUS BULMAN.

Franklin. September 21.—22, 1875. AMES & DEVENS, JJ., absent.

Under an indictment at common law, for keeping a disorderly house, it is no variance that the defendant kept only a single story in the building.

INDICTMENT found and returned at March term 1875, of the Superior Court, averring that Cornelius Bulman, of Greenfield, in the county of Franklin, on October 1, 1874, " at Montague in the county aforesaid, and on divers other days and times between said last mentioned day and the day of finding this indictment, at said Montague, did keep and maintain a certain common, ill-governed and disorderly house there situate, and in the said house, for his own lucre and gain, certain evil-disposed persons whose names to said jurors as yet are not known, of evil name and fame, and conversation, to frequent and come together, then, and on the said other days and times, there unlawfully and wilfully did cause and procure, and the said persons in the said house, as well in the night as in the day, then, and on said other days and times, there to be and remain, drinking, tippling, cursing, swearing, quarrelling, making great noises and otherwise misbehaving themselves, then and there unlawfully and knowingly did permit and suffer, to the great injury and common nuisance of all the citizens of said Commonwealth there being, residing, passing and repassing, and against the peace of the Commonwealth aforesaid."

At the trial in the Superior Court, before *Allen,* J., there was evidence tending to prove the allegations in the indictment.

It also appeared in evidence that the defendant resided with his family in Deerfield, and was during the time alleged in the indictment the owner of the house referred to in the indictment; that he occupied the lower story of said house as the keeper of a restaurant during the time alleged in the indictment, and that the rooms in the story above, during all the time alleged in the indictment, were leased, and occupied by a tenant by the name of Moore and his family, who paid rent to the defendant.

The defendant requested the judge to instruct the jury that the indictment was not supported by proof that the defendant kept and occupied only a part of the house, the rest being held and occupied, as above stated, by another person ; but the presiding judge refused. The defendant was found guilty, and alleged exceptions.

*D. Aiken,* for the defendant.

*C. R. Train,* Attorney General, for the Commonwealth.

GRAY, C. J. Under an indictment at common law, such as this is, for keeping a disorderly house, it is no variance that the defendant kept only a single room. *Regina* v. *Pierson,* 1 Salk. 382; *S. C.* 2 Ld. Raym. 1197. The common law knows no such offence as keeping a " disorderly tenement." *Commonwealth* v. *Wise,* 110 Mass. 181. The decision in *Commonwealth* v. *McCaughey,* 9 Gray, 296, was under a statute which prohibited the keeping of " all buildings, places or tenements," used for certain unlawful purposes, and was thereby held to have made a distinction between " buildings " and " tenements." Gen. Sts. *c.* 87, § 6. *Commonwealth* v. *Godley,* 11 Gray, 454. *Commonwealth* v. *Shattuck,* 14 Gray, 23.                    *Exceptions overruled.*