WANGSNESS, Sheriff, Appellant, v. McALPINE, Respondent.

(199 N. W. 478.)

(File No. 5154.   Opinion filed June 26, 1924.)

1. **Habeas Corpus—Constitutional Law—Ordinances—Proceeding appropriate to Test Constitutionality of City Ordinance.**

   Habeas corpus will lie to test the constitutionality of a city ordinance under which petitioner was convicted of a misdemeanor.

2. **Municipal Corporations—Criminal Law—Prostitutes—Statute Held to Authorize Suppression of Acts of Prostitution Occurring in Any Room of House.**

   Rev. Code 1919, Sec. 6169, which grants to cities power to suppress bawdy or disorderly house, or house of ill fame and assignation, held to authorize the suppression of acts of prostitution occurring in any room of such house or building.

3. **Prostitution—Ordinances—Cities—Using and Occupying Room in Any "House", for Unlawful Sexual Intercourse Held to Constitute Use for Prostitution.**

   Under Rev. Code 1919, Sec. 6169, which authorizes a city to suppress acts of prostitution occurring in any room of a bawdy or disorderly house, or house of ill fame and assignation, the use and occupancy of a room in any house for unlawful sexual intercourse held to constitute a use and occupancy for prostitution; "house" being generally interpreted in accordance with context and facts in each case, and as used in such a statute meaning any building or single room therein used for disorderly purpose.

Appeal from Circuit Court, Minnehaha County; HON. J. T. MEDIN, Judge.

Application by Edna Alice McAlpine for writ of habeas corpus against Herman Wangsness, as Sheriff of the County of Minnehaha. From a judgment and order releasing applicant, the Sheriff appeals. Reversed and remanded with directions.

*R. W. Parliman* and *R. W. Parliman, Jr.,* both of Sioux Falls, for Appellant.

*Danforth & Barron* and *Christopherson & Melquist,* all of Sioux Falls, for Respondent.

(1) To point one of the opinion, Appellant cited: 12 R. C. L. 1198; People ex rel. Campbell v. District Court, Arapahoe County, 58 Pac. 608; People ex rel. Miller v. District Court, 80 Pac. 888.

(2) To point two, Appellant cited: City of St. Paul v. Fielding & Shepley, (Minn.) 194 N. W. 18; New Orleans Gas Light Co. v. Louisiana Light & Heat Producing & Mfg. Co., (U. S.) 29 L. ed. 520.

Respondent cited: Ogden v. McLaughlin, 16 Pac. 721; State v. Hammond, (Minn.) 41 N. W. 243; City of Huron v. Carter, (S. D.) 57 N. W. 947.

SHERWOOD, P. J. This cause was before us on a motion to dismiss the appeal, and an opinion filed September 28, 1922, and reported in 190 N. W. 883, 46 S. D. 75, denied the motion to dismiss the appeal. The case is now before us on the merits.

Edna Alice McAlpine was convicted in the municipal court of Sioux Falls of a violation of the provisions of section 15, Ordinance 722 of the City of Sioux Falls, and sentenced to pay a fine of $50 and be imprisoned in the Minnehaha county jail at the rate of $1.25 per day until such fine was paid.

On May 18, 1922, on her refusal to pay the fine, she was committed to the county jail. She brought habeas corpus proceedings in the circuit court of Minnehaha county and was released by an order of the circuit court on May 18, 1922, and thereafter, Herman Wangsness, as sheriff of Minnehaha county, perfected an appeal to this court.

Two questions are presented by the appeal.

[1] First. Will habeas corpus lie to test the constitutionality of a city ordinance under which a person was convicted of a misdemeanor, or must the question of the constitutionality of the statute be raised by appeal?

It is said in 12 R. C. L. at page 1199:

"The weight of authority both federal and state is, however, to the effect that a court on habeas corpus proceedings may inquire into the constitutionality of the statute under which the petitioner has been convicted and sentenced, and, if it proves to be unconstitutional, discharge him, and this too irrespective of any other relief which may be available to him. The reason underlying this doctrine is that an unconstitutional act is no law at all, and that no court has a right to imprison a citizen who has violated no law, but that such act, even if done by a court under the guise and form of law, is as subversive of the right of the citizen as if it was done by a person not clothed with auth-

ority. So it is generally held that where the conviction and conse-quent restraint of a person are the result of a prosecution based upon a void municipal ordinance or regulation, the error is not merely an irregularity but fundamental, and may be reached by the writ of habeas corpus."

This text is supported by a large number of federal and state cases reported in notes 14, 15, and 16 on pages 1199 and 1200, same volume. Also by cases cited in note on page 581 of 3 Ann. Cas. It would appear from these authorities, and we therefore hold, that habeas corpus will lie to test the constitutionality of the city ordinance under which the prisoner was convicted of a misdemeanor.

[2, 3] The second question presented is as to the constitu-tionality of a part of section 15 of Ordinance No. 722 of the City of Sioux Falls. Section 15 of this ordinance is as follows:

"No person shall frequent any bawdy house, house of ill fame, prostitution or assignation, nor be an inmate or visitor of such house or houses, nor shall any person use or occupy any room, house or building within the city of Sioux Falls, for the purpose of unlawful sexual intercourse."

It was alleged, and was the only offense charged in the com-plaint on which defendant was tried, that on October 24, A. D. 1921, she "did use and occupy a room in in the city of Sioux Falls for the purpose of indulging in unlawful sexual intercourse," contrary to the provisions of section 15, Ordinance 722. It will be seen that the question here raised refers only to that part of section 15 which reads as follows:

"Nor shall any person use or occupy any room, house or building within the city of Sioux Falls for the purpose of unlaw-ful sexual intercourse."

The particular points raised by this appeal are:

(a)  Municipal corporations have only such powers as are conferred by legislative enactment or plainly implied.

(b)  Our statute confers no power upon a municipal cor-poration to punish for unlawful sexual intercourse.

(c)  No offense is charged under the statutes or any law of this state.

"It is well settled that a municipal corporation has only such powers as are clearly and unmistakably granted to it by its charter

or by others acts of the Legislature, and consequently can exercise no powers not expressly granted to it, except those which are necessarily. implied or incident to the powers expressly granted and those which are indispensible to the declared objects and purposes of the corporation. Any fair and reasonable doubt concerning the existence of the power or any ambiguity in the statute upon which the assertion of the power rests, is to be resolved against the corporation and power denied. When, however, power over a particular subjec-matter has been delegated to a municipal corporation by the Legislature without any express limitations, the extent to which that power shall be exercised rests in the discreton of the municipal authorities, and as long as it is exercised in good faith and for a municipal purpose, the courts have no ground upon which to interfere." 19 R. C. L. § 75, p. 768.

The following powers were given to the city of Sioux Falls by section 6169, R. C. 1919:

Subsection 35. "To prevent disorderly conduct."

Subsection 57. "To suppress bawdy or disorderly houses, house of ill fame, or assignation."

Subsection 63. "To restrain and punish * * * prostitution."

Subsection 81. "To enact all such ordinances as may b~ proper and necessary to carry into effect the powers granted thereto * * * and to provide for the punishment of each violation thereof by a fine not exceeding one hundred dollars or by imprisonment not exceeding thirty days, or by both such fin? and imprisonment."

Is the power to prevent a person from "using and occupying a room * * * for indulging in unlawful sexual intercourse" expressly granted, necessarily implied, or incident to the power·· above granted? If using and occupying a room for unlawful sexual intercourse is not using it for purposes of prostitution, it is a long way on that road. And such a room obtained and used for that purpose is certainly a room for assignation.

Webster's New International Dictionary gives as one definition of the word "house" the following:

"Where not defined by statute the term house is generally interpreted in accordance with the context and facts in each case. Thus a single room has been held to be a house on a prosecution for keeping a gaming house; a corncrib and a barrel shed were

held to be houses in cases of arson; a business office was held to be a house under an ordinance regulating peddling."

In volume 4, Words and Phrases, First Series, at page 3353, it is said:

" 'House' as used in a statute prohibiting the keeping of a disorderly house, means any building or part of a building, or even a single room, used for disorderly purposes. The common law takes no notice of an offense of keeping a disorderly tenement, but part of a house used for such purposes constitutes a disorderly house within the statute. Commonwealth v. Bulman, 118 Mass. 456, 457, 19 Am. Rep. 469; State v. Garity, 46 N. H. 61, 62."

We think that provision of law which grants to cities power to suppress bawdy or disorderly houses, houses of ill fame and assignation, clearly authorizes the suppression of acts of prostitution, occurring in any room of such house or building, and that using and occupying a room in any house for unlawful sexual intercourse is using and occupying it for purposes of prostitution. The judgment and order appealed from are reversed, and the cause will be remanded to the circuit court with instructions to vacate its order discharging the writ and remand respondent to the custody of the sheriff.

In our former opinion on the motion to dismiss this appeal, we used some language which we are satisfied on more mature deliberation was not warranted by fair interpretation of our statute and which is not good law. We therefore strike from that opinion and overrule the following words and part thereof:

"She cannot again be rearrested on the warrant or held under the commitment from which she was released by habeas corpus. R. C. 1919, §§ 4983-4990. She has had the full benefit of the writ and is free. Thomas H. Macready v. John H. Wilcox, 33 Conn. 321.

"The state is taking this appeal to settle a question of law. Our final decision will have no other effect in this case than to settle such question and possibly prevent future errors in the use of the writ."

As so modified, the former opinion is affirmed.

Note.—Reported in 199 N. W. 478. See, Headnote (1), American Key-Numbered Digest, Habeas corpus, Key-No. 32, 29 C. J. Sec.

23; (2) Municipal corporations, Key-No. 594(5), 28 Cyc. 696; (3) Prostitution, Key-No. 1, 18 C. J. Sec. 5.

On validity of statutes or ordinances against bawdy houses, see note in L. R. A. 1917B, 1078.