No. 22863.

PAUL L. KELLY *v.* CITY OF FORT COLLINS, COLORADO.
(431 P.2d 785)

Decided September 18, 1967.

WILLIAM H. ALLEN, for plaintiff in error.

MARCH, MARCH & SULLIVAN, for defendant in error.

*En Banc.*

MR. JUSTICE SUTTON delivered the opinion of the Court.

THIS court has granted certiorari on the petition of Paul L. Kelly to determine the validity of an ordinance of the City of Fort Collins regulating the sale of fer-

mented malt beverages. Petitioner at all times has admitted a sale but has challenged the constitutionality of the ordinance itself under which he was originally convicted in the municipal court. We will refer to Kelly by name or as petitioner and to the respondent City of Fort Collins, a home rule municipality under Article XX of the Colorado Constitution, as Fort Collins or the city.

Kelly operates the Campus Bowl Lounge within Fort Collins. On *Sunday*, May 16, 1966, he sold to a customer in the Lounge fermented malt liquor, popularly known as 3.2 beer. A citation thereafter was served on the petitioner charging a violation of City Ordinance No. 18, which provides in part:

*"Section 2-7. Fermented malt beverages — Regulation of sale and consumption.*

"(a) The fermented malt beverages as defined in Section 2-6 shall be manufactured, imported and sold only by the persons and parties licensed as in Sections 2-5 to 2-26 of this code provided:

"Provided, however, that such beverages shall not be sold to any person under the age of eighteen years and shall not be sold to any person between the hours of 12:00 o'clock midnight and 6:00 o'clock A.M. or on *Sunday* or on the day of any General election or Special Election or Municipal Election until after the polls have closed on said election days, or on Thanksgiving Day, or on the 25th day of December, commonly called Christmas Day. * * *." (Emphasis added.)

Petitioner's challenge to the ordinance rests upon two grounds: First, he asserts that the city lacked jurisdiction to regulate by ordinance the sale of fermented malt beverages. Secondly, assuming such authority exists, petitioner asserts that the ordinance prohibiting the sale on Sunday of fermented malt beverages conflicts with the provisions of C.R.S. 1963, 75-1-4, which regulates the hours of sale of fermented malt beverages on a statewide basis, and must therefore be held invalid.

Article XX, Section 6 of the Colorado consti-

tution grants home rule municipalities plenary legislative authority over matters exclusively local in nature. Where such municipalities have properly adopted regulatory ordinances which are purely in the municipal domain, existing state laws upon the same subject are inapplicable because the local ordinance controls. *Woolverton v. Denver*, 146 Colo. 247, 361 P.2d 982 (1961); *Denver v. Henry*, 95 Colo 582, 38 P.2d 895 (1934). Conversely, Article XX, Section 6 imposes a limitation on the legislative jurisdiction of home rule cities, *i.e.*, a chartered municipality possesses no power to legislate by ordinance concerning matters solely affecting the state. *Canon City v. Merris*, 137 Colo. 169, 323 P.2d 614 (1958). As was said in *Woolverton, supra:*

"Its legislative powers are limited to matters strictly and exclusively local in nature, thus rendering abortive any attempt of a city to legislate on a subject having a semblance of general or statewide character."

This court has previously held that the subject of fermented malt beverages is a matter of state-wide concern and that home rule municipalities have no constitutionally-derived power generally *to legislate* on the subject as a matter of local concern. *Big Top v. Schooley,* 149 Colo. 116, 368 P.2d 201 (1962). That case, however, does not say that such a city may not *reasonably regulate* the sale of 3.2 beer. The latter, we note, is expressly permitted by C.R.S. 1963, 75-1-7(7) provided the local rules and regulations are "not inconsistent" with the statute. Such a delegation of power by the legislature as to 3.2 beer has heretofore been specifically upheld by this court in *Gettman v. Commissioners*, 122 Colo. 185, 221 P.2d 363 (1950).

Here the city's authority to enact the ordinance in issue rests solidly upon the legislative delegation of power, and the city's regulatory power is in no respect diminished or enlarged by Article XX of the Colorado constitution.

Petitioner's second contention is that Section

7(a) of the Fort Collins Ordinance, *supra*, conflicts with the provisions of C.R.S. 1963, 75-1-4, which states:

"\* \* \* The fermented malt beverages as defined in this article shall be manufactured, imported and sold only by the persons and parties licensed as provided in this article. Such beverages shall not be sold to any person under the age of eighteen years and *shall not be sold to any person between the hours of twelve midnight and five a.m.*" (Emphasis added.)

In our view, as pertinent here, this statute merely prohibits the sale of 3.2 fermented malt beverages between the specified hours and does not by implication create any right under the statute to sell such at all other times. Clearly the city could not enlarge on the state-provided hours of sale; however, where local conditions (as determined by the local licensing authority) have been found to require reasonably fewer hours of dispensing this "essential" beverage, such action does not infringe upon the state's legislative prerogative or objectives. Had the legislature intended to prevent further local restrictive selling hours, less equivocal language would certainly have been employed. Moreover, in *Gettman, supra,* this court rejected the doctrine of conflict by implication invoked here by the petitioner. It was there held that no conflict existed between the statute proscribing 3.2 malt beverage sales during specified hours and a county resolution banning Sunday sales. The legislature has acquiesced in the law of that case for seventeen years, and no compelling reason has been shown to adopt a contrary rule now.

The judgment is affirmed.