585 P.2d 928 (1978)
Robert CRITTENDEN, Plaintiff-Appellant,
v.
Joseph Otto HASSER, Robert R. Tempel and Darrell Seufer, Individually and as the Board of County Commissioners of Prowers County and as the Local Licensing Authority, Defendants-Appellees, and
A. C. McPherson, Intervenor-Protestant-Appellee.
No. 77-975.
Colorado Court of Appeals, Div. III.
July 27, 1978.
Rehearing Denied August 17, 1978.
*929 Sheldon Emeson, Lamar, for plaintiff-appellant.
Johnson, McLachlan & DiCola, Stanley A. Brinkley, Harlan D. Johnson, Lamar, for defendants-appellees.
Lefferdink, Legg & Lefferdink, John S. Lefferdink, Lamar, for intervenor-protestant-appellee.
RULAND, Judge.
Robert Crittenden appeals from a judgment of the district court in a C.R.C.P. 106(a)(4) proceeding. That judgment affirmed a decision of the board of County Commissioners of Prowers County, acting as the local licensing authority, denying Crittenden's application for a fermented malt beverage license. We affirm.
Prior to January 11, 1977, the Board commenced review of a proposal to zone, inter alia, an unincorporated area in the county as R-2 mixed residential. On January 11, Crittenden applied for a fermented malt beverage license for a premises located in that area, and a public hearing was scheduled for April 8. However, on March 9 the Board adopted the proposed zoning resolution. This zoning classification does not permit use of a premises as a liquor or fermented malt beverage outlet, either by right or by special use permit. Based in part upon the new zoning, the Board denied Crittenden's application. On appeal Crittenden asserts, inter alia, that the Board erred in basing its decision upon the zoning resolution.
The Board is authorized to regulate land use in unincorporated areas by resolution and thereby create zones for "trade, industry, residence, recreation, public activities, or other purposes . . . ." Section 30-28-113(1), C.R.S.1973; Famularo v. Board of County Commissioners, 180 Colo. 333, 505 P.2d 958 (1973). This authority to enact a zoning resolution, and thereby restrict the use of property, exists even though an application for a license involving that use is pending, the only proviso being that the Board had not unreasonably or arbitrarily refused or delayed issuance of the license. See 8 E. McQuillan, Municipal Corporations § 25.155 (3rd ed. J. Kightlinger 1976 rev.); see generally Cline v. Boulder, 168 Colo. 112, 450 P.2d 335 (1969). This is particularly so where, as here, adoption of the zoning resolution was pending at the time the application for the fermented malt beverage license was made. See McQuillan, supra. Thus, the Board properly considered the zoning classification for the area in which the proposed outlet was located, and it did not err in denying the application on that basis.
Because of our conclusion, we need not discuss Crittenden's remaining contentions.
Judgment affirmed.
PIERCE and VAN CISE, JJ., concur.