SNOW LAND, INC., a Corporation,
Plaintiff and Appellant,

v.

CITY OF BROOKINGS, a Municipal
Corporation, Defendant and
Respondent.

No. 12636.

Supreme Court of South Dakota.

Argued May 10, 1979.

Decided Aug. 22, 1979.

Rehearing Denied Sept. 26, 1979.

1. Counsel for the respective parties stipulated
   to the facts.

James E. Kessler, of Erickson & Kessler,
P. C., Brookings, for plaintiff and appellant.

John P. Billings, of Denholm & Glover
with Alan F. Glover, Brookings, on the
brief, for defendant and respondent.

DOBBERPUHL, Circuit Judge.

Appellant is a licensed owner and opera-
tor of two low-point beer establishments in
the city of Brookings.[1]  In 1970, Respon-
dent-City enacted an ordinance prohibiting
the sale of all alcoholic beverages on Sun-
days.  This ordinance was amended in May
of 1978 but retains the same prohibition.
In 1971, the statute which expressly autho-
rized municipalities to prohibit the sale of
alcoholic beverages on Sundays was re-
pealed.[2]  That same year the legislature
enacted SDCL 35–4–81 which prohibits the
sale of alcoholic beverages, except low-point
beer, at certain times and on certain days
including Sundays.  Also enacted in 1971
was SDCL 35–6–30 which prohibits the sale
of low-point beer between the hours of 1:00
a. m. and 7:00 a. m.  Appellant contends
that the trial court erred in its determina-
tion that the amended ordinance is not in
conflict with these statutes and that a mu-
nicipality has the authority under state law
to prohibit the sale of low-point beer on
Sundays.

Low-point beer is included in the statuto-
ry definition of "alcoholic beverages."
SDCL 35–1–1(3).  Municipalities in South
Dakota have the authority to prohibit or
regulate the transaction of alcoholic bever-
ages so long as the prohibitions and regula-
tions are consistent with the provisions of
Title 35.  SDCL 9–29–7.  The sale of low-
point beer, however, may not be completely
prohibited by a municipality since the "local
option" statute,[3] which allows electors to
determine whether alcoholic beverages shall
be sold within the municipality, applies only
to the sale of alcoholic beverages other than
low-point beer.  From this statutory
scheme, it is evident that a municipality
may regulate, though not prohibit, the sale

2. SDCL 35–3–2.

3. SDCL 35–3–7.

of low-point beer in a manner consistent with the provisions of Title 35.

Chapter 35–6 deals exclusively with the sale of low-point beer and Chapter 35–4 governs the sale of all other alcoholic beverages. Appellant contends that SDCL 35–4–81 allows a municipality to prohibit the sale of alcoholic beverages other than low-point beer on Sundays but, by excluding low-point beer from its purview, precludes the municipality from prohibiting the sale of low-point beer on that day. Appellant's reliance on that statute is misplaced. The issue presented by appellant focuses solely on the sale of low-point beer. Since all regulatory ordinances must be consistent with Title 35, and appellant is concerned only with the ordinance's effect on the sale of low-point beer, it follows that the ordinance here in question must be consistent with Chapter 35–6 to be valid. Chapter 35–4 is totally irrelevant. The clause in SDCL 35–4–81 which excepts low-point beer was obviously placed in that statute only to avoid confusion as to the applicability of Chapters 35–4 and 35–6. This is reinforced by SDCL 35–4–1 which states: "The provisions of this chapter, unless the context otherwise clearly requires, shall be construed to relate to all alcoholic beverages *except low-point beer.*" (emphasis added) It is evident that the legislature intended the clause "except low-point beer" to be construed in SDCL 35–4–81 to mean that that statute is to have no effect on the regulation of the sale of low-point beer. Thus, it is SDCL 35–6–30, and not SDCL 35–4–81, that must guide us in determining whether the ordinance is in conflict with state law.

The rule uniformly applied in other jurisdictions in analogous cases is that an ordinance which "enlarges upon the provisions of a statute by requiring more than the statute requires creates no conflict unless that statute limits the requirement for all

cases to its own prescriptions." *City of Maryville v. Wood,* 358 Mo. 584, 589, 216 S.W.2d 75, 77 (1948).[4] All that is necessary for the additional regulations to be valid is that they be reasonable and further the general law. *Leavenworth Club Owners Association v. Atchison,* 208 Kan. 318, 492 P.2d 183 (1971). A conflict arises between an ordinance and a statute only when their express or implied terms are irreconcilable, where the ordinance permits that which the statute forbids, or where the ordinance forbids that which the statute expressly permits. *Mangold Midwest Co. v. Village of Richfield,* 274 Minn. 347, 143 N.W.2d 813 (1966). A close reading of SDCL 35–6–30 reveals that it does not limit all cases to its own prescriptions. Neither does it expressly permit the sale of low-point beer on Sundays. It merely prohibits the sale of such beer between certain hours. Chapter 35–6 contains no provision which denies a municipality the authority to regulate the sale of low-point beer. The ordinance enacted by respondent does no more than impose additional restrictions on the sale of low-point beer. This does not make the ordinance inconsistent with the statute since the two are not contradictory in the sense that they cannot coexist. *Arrow Club, Inc. v. Nebraska Liquor Control Commission,* 177 Neb. 686, 131 N.W.2d 134 (1964). The ordinance and statute in the instant case would be inconsistent if the ordinance allowed the sale of low-point beer between the hours of 1:00 a. m. and 7:00 a. m. because the ordinance would allow that which the statute expressly forbids. As enacted, however, the ordinance is in complete harmony with the statute since it "does not provide for any standard different from that provided for in the state statute. It merely enlarges the time during which that standard shall be operative within the City's limits." *City of Flat River v. Mackley,* 212 S.W.2d 462, 467 (Mo.App.

---

4. To the same effect *see Kelly v. City of Fort Collins,* 163 Colo. 520, 431 P.2d 785 (1967); *Gettman v. Board of County Com'rs of Morgan County,* 122 Colo. 185, 221 P.2d 363 (1950); *Clyde Hess Distributing Co. v. Bonneville County,* 69 Idaho 505, 210 P.2d 798 (1949);

*Leavenworth Club Owners Association v. Atchison,* 208 Kan. 318, 492 P.2d 183 (1971); *Nickols v. North Kansas City,* 358 Mo. 402, 214 S.W.2d 710 (1948); *City of Flat River v. Mackley,* 212 S.W.2d 462 (Mo.App.1948).

1948). A municipality may exercise its police power by regulating that which the state fails to regulate. *Power v. Nordstrom,* 150 Minn. 228, 184 N.W. 967 (1921). Since our legislature refrained from legislating as to the sale of low-point beer on Sundays other than from the hours of 1:00 a. m. to 7:00 a. m., it is permissible for respondent to enact an ordinance with more restrictive provisions than those imposed by statute. "Had the legislature intended to prevent further local restrictive selling hours, less equivocal language would certainly have been employed." *Kelly v. City of Fort Collins,* 163 Colo. 520, 524, 431 P.2d 785, 787 (1967); *see also Gettman v. Board of County Com'rs of Morgan County,* 122 Colo. 185, 221 P.2d 363 (1950).

Appellant speculates that if the ordinance is held valid in this case, respondent will have unchecked authority to proscribe the sale of low-point beer on any day of the week. Although room for abuse always exists when an entity possesses broad delegated powers, our system of government is structured so that such abuses can be exposed and restrained. Our decision in this case is limited to holding that respondent is authorized to prohibit the sale of low-point beer on Sundays pursuant to SDCL 9–29–7, that the ordinance enacted by respondent is not in conflict with state law, and that reasonable grounds exist for respondent to exercise its police power by regulating the sale of low-point beer on Sundays.

The judgment is affirmed.

DUNN and MORGAN, JJ., concur.

WOLLMAN, C. J., and HENDERSON, J., dissent.

DOBBERPUHL, Circuit Judge, sitting for FOSHEIM, J., disqualified.

HENDERSON, Justice (dissenting).

This action is for a declaratory judgment brought under SDCL 21–24 seeking to declare invalid Section 5–7, as amended, of the Revised Ordinances of the City of Brookings.

I would hold that a municipality does not have the power and authority to prohibit the sale of low-point beer on Sunday under the current laws and statutes of the State of South Dakota. I would further hold that Section 5–7 of the Revised Ordinances of the City of Brookings, as amended, which prohibit the sale of low-point beer on Sunday, is in conflict with the current laws and statutes of South Dakota and is therefore invalid.

This is my rationale:

(1) There is no statute expressly prohibiting the sale of low-point beer on Sundays or any other day of the week.

(2) SDCL 35–3–2, which specifically allowed municipalities to enact such an ordinance as Brookings now has, was expressly repealed by our state legislature.

(3) SDCL 35–4–81 states that no alcoholic beverage can be sold on Sunday *except low-point beer,* which clearly implies that low-point beer can be sold on Sunday.

(4) The key language in SDCL 9–29–7, upon which the majority chiefly rests its decision, states that any regulation or prohibition of alcoholic beverages must be consistent with the provisions of Title 35. Obviously, in 1971, when the state legislature specifically repealed SDCL 35–3–2 and enacted SDCL 35–4–81 and SDCL 35–6–30 in its place, it was limiting state and municipal control over the sale of nonintoxicating low-point beer. SDCL 9–29–7, a general police power statute which was given birth by Chapter 209, Session Laws of 1941, does not thwart that change. The 1971 specific legislative intent is more germane than the 1941 general legislative intent.

(5) SDCL 35–3–7 expressly states that the sale of low-point beer is not subject to local option. If the reasoning of the City of Brookings were adopted, it would follow that various restrictions could be imposed on the sale of low-point beer by a municipality. Such is not the law in this state.

(6) The net effect of the present statutes is to treat low-point beer differently from all other alcoholic beverages.

(7) It is the construction of this state's statutes, and the repeal thereof, which is controlling. South Dakota is not bound by outside jurisdictions with varying interpretations of their statutes.

Any powers granted to a municipality are to be strictly construed against the municipality and, if there be any ambiguity, the power should be denied to the municipality. As regards this general principle of law, this court stated:

> "It is well settled that a municipal corporation has only such powers as are clearly and unmistakably granted to it by its charter or by others [sic] acts of the Legislature, and consequently can exercise no powers not expressly granted to it, except those which are necessarily implied or incident to the powers expressly granted and those which are indispensable to the declared objects and purposes of the corporation. Any fair and reasonable doubt concerning the existence of the power, or any ambiguity in the statute upon which the assertion of the power rests, is to be resolved against the corporation and power denied."

*Ex parte McAlpine,* 47 S.D. 472, 474–75, 199 N.W. 478, 479 (1924) (citation omitted).

If it can be reasonably argued that the state law permits the sale of low-point beer on Sunday, but that the Brookings municipal ordinance forbids it, then the ambiguity (which I do not concede exists) should be resolved against the City of Brookings.

I maintain that the position of the North Dakota Supreme Court is applicable to the question raised here. It stated:

> The legislature may at any time it sees fit so to do withdraw the power it has granted to enact such ordinance or it may enact a general law in conflict with the provisions of an ordinance which has been enacted by the city under the former grant of power and in such case the provisions of the ordinance in conflict with the statute are superseded and rendered invalid.

*State v. Gronna,* 79 N.D. 673, 696, 59 N.W.2d 514, 530 (1953).

I therefore dissent, and would reverse the lower court requiring that the ordinance be declared invalid as it directly conflicts with state law.

I am hereby authorized to state that Chief Justice WOLLMAN joins in this dissent.