**Ronnie MARSHALL, Plaintiff–Appellant,**

v.

**The CITY OF ASPEN and Aspen Planning and Zoning Commission, Defendants–Appellees.**

No. 93CA1001.

Colorado Court of Appeals, Div. II.

Aug. 11, 1994.

Rehearing Denied Sept. 29, 1994.

Certiorari Granted April 10, 1995.

Garfield & Hecht, P.C., Patrick D. McAllister, Aspen, for plaintiff-appellant.

John P. Worcester, City Atty., Aspen, for defendants-appellees.

Opinion by Judge MARQUEZ.

Plaintiff, Ronnie Marshall, appeals a judgment entered in favor of defendants, City of Aspen and Aspen Planning and Zoning Commission, dismissing her complaint filed pursuant to C.R.C.P. 106(a)(4) and granting an injunction ordering the cessation of use of a spa and deck and its removal from her property. We reverse the dismissal, vacate the injunction, and remand with directions.

In the spring of 1990, plaintiff constructed a spa/deck in her back yard, located above Hallam Lake in Aspen, Colorado, without first obtaining the proper permits. On May 31, 1990, the City issued a stop work order, and on June 14, 1990, plaintiff applied for a building permit.

A chronological events exhibit presented by the planning staff at a hearing in January 1992, includes the following: "06/29/90 Commencement of Planning Office's file on Hallam Lake Environmentally Sensitive Area" (ESA). On July 19, 1990, a notice of hearing before the Aspen Planning and Zoning Commission on the ESA ordinance was published. In October 1990, the City Council passed the ESA ordinance on first reading and finally adopted the ordinance on November 12, 1990.

As part of the application process to obtain a building permit, plaintiff was first required to obtain approval from the Historic Preservation Committee (HPC) and then a variance from the Board of Adjustment. Plaintiff obtained both the approval and the variance, which was subject to certain ESA and HPC railing requirements. The Aspen Planning and Zoning Commission then examined her application under the ESA requirements and determined that her spa/deck was in noncompliance; thus, it denied her application.

Plaintiff filed a complaint asserting two claims for relief. The first sought relief pursuant to C.R.C.P. 106(a)(4) requesting that the court hold that the denial of the application for ESA approval was an abuse of discretion or beyond the jurisdiction of the Aspen Planning and Zoning Commission. The second claim for relief alleged that the City was estopped by its representations and requested that the City be permanently enjoined from any action to enforce the Hallam Lake ESA review requirements. Defendants filed an answer and counterclaim seeking injunctive relief requiring plaintiff to remove the spa/deck. Defendants moved for summary judgment on defendants' counterclaim and plaintiff's second claim for relief.

The court denied plaintiff's C.R.C.P. 106(a)(4) claim and granted defendants' motion for summary judgment on both the counterclaim and plaintiff's second claim for relief.

I.

Plaintiff contends that only the building regulations in effect at the time of her permit application should control her application process and that the Aspen Planning and Zoning Commission exceeded its jurisdiction in retroactively applying the ESA ordinance to her application. We agree.

Review pursuant to C.R.C.P. 106(a)(4) is limited to a determination whether the body

or officer has exceeded its jurisdiction or abused its discretion, based on the evidence in the record before the defendant body or officer. *Colorado State Board of Land Commissioners v. Mined Land Reclamation Board,* 809 P.2d 974 (Colo.1991); *Danielson v. Zoning Board of Adjustment,* 807 P.2d 541 (Colo.1990).

■ When a court reviews an agency decision under C.R.C.P. 106, it is limited to matters contained within the record of the proceeding before the agency. The court must look to the entire record and must uphold a decision unless there is no competent evidence to support it. *Fedder v. McCurdy,* 768 P.2d 711 (Colo.App.1988).

■ A trial court must set aside orders of an administrative agency if the agency, in the exercise of its quasi-judicial authority, exceeds its jurisdiction or abuses its discretion. In determining whether the administrative agency abused its discretion, the reviewing court may consider whether the agency misconstrued or misapplied the law. If there is a reasonable basis for the agency's application of the law, the decision may not be set aside on review. *Platte River Environmental Conservation Organization, Inc. v. National Hog Farms, Inc.,* 804 P.2d 290 (Colo. App.1990).

■ The law in existence at the time of the permit application governs the right to the issuance of the permit. *City & County of Denver v. Denver Buick, Inc.,* 141 Colo. 121, 347 P.2d 919 (1960) (building permit application to be considered under zoning ordinance in effect on date of application); *Gramiger v. County of Pitkin,* 794 P.2d 1045 (Colo.App. 1989).

Here, the limited information in the record concerning the requirements for filing a building permit application includes only a copy of the Aspen Municipal Code § 24–6–206 concerning "Certificate of compliance and building permit issuance" and various references to the building permit application. That ordinance section provides in pertinent part:

2. Submission of application for building permit.

a. Submission to chief building official. An application for building permit shall be submitted to the chief building official. Attached to the application shall be an improvements survey performed within one (1) year of the date of application which the applicant shall certify represents current site conditions and a topographic survey for the property certified by a registered land surveyor.

The remainder of this section then addresses the procedures for review by planning agency staff to determine remaining requirements before the building permit may be issued.

There is no assertion that plaintiff did not meet the requirements of the quoted subsection. Nor is there anything in the language of that section indicating that the application was incomplete when submitted. Further, there is nothing in the record to indicate that the Planning and Zoning Commission felt plaintiff's application was anything but complete as of June 14, 1990. In fact, the trial court specifically notes as a "basic finding" that plaintiff applied for a building permit on June 14, 1990.

Even if Colorado recognizes the "pending ordinance" doctrine as defendants assert, *see Crittenden v. Hasser,* 41 Colo.App. 235, 585 P.2d 928 (1978), such that a permit may be denied based on an ordinance not yet adopted, we conclude the doctrine is inapplicable here.

■ Regardless of when a proposed land use ordinance may be deemed "pending" for purposes of the pending ordinance doctrine, *see National Advertising Co. v. City & County of Denver,* 912 F.2d 405 (10th Cir. 1990), plaintiff in the present case applied for a permit even before the Aspen Planning and Zoning office commenced its file and well before the July 19, 1990, notice of hearing. Thus, the proposed ordinance could not be considered to be pending at the time of plaintiff's application.

Thus, we conclude that because plaintiff filed her building permit application prior to the consideration or adoption of the ESA, the ESA has no bearing on her application process.

## II.

Defendants essentially contend that plaintiff did not apply for a permit until she filed her application for a variance. The trial court's ruling has as a premise that plaintiff did not apply for a variance until after the ordinance was in effect and was thus subject to its requirements. We disagree.

■ Defendants cite no authority in support of their contention that the date of re-application, after the other approvals were obtained, should govern. Previous decisions give no indication that anything other than the date of the initial application is controlling as to the issuance of a permit. *See City & County of Denver v. Denver Buick, Inc., supra.* As defendants agree that plaintiff initially applied for a building permit on June 14, 1990, she is entitled to a permit based on the laws in effect on that date.

## III.

Defendants argue as being contrary to law plaintiff's assertion that her application for a building permit vested her with a right to have a permit issued in the face of subsequently adopted legislation. Plaintiff's assertion is grounded on alleged reasonable reliance on the city's representations; however, we conclude that vesting of rights is not the dispositive issue here and conclude, on other grounds, that plaintiff is entitled to consideration of her permit under the previously applicable law.

■ Whether a permit must be issued is distinct from the question whether the applicant's rights have vested under that permit. *Gramiger v. County of Pitkin, supra.* The issue of vested rights is only relevant once a permit has been granted; it has no bearing on the application process itself. *See Gramiger v. County of Pitkin, supra.*

In *Gramiger*, the question presented was whether rights had vested under an improperly denied foundation permit in order to obtain a comprehensive building permit. As Gramiger had done nothing to vest his rights

under the foundation permit, he was properly required to comply with all current regulations when he later applied for the building permit.

Here, the question is simply whether plaintiff is entitled to the building permit. Because she applied for the permit prior to ESA consideration or adoption, she is entitled to have her application considered under the laws in effect at the time of the application. *City & County of Denver v. Denver Buick, Inc., supra.*

## IV.

■ We also reject defendants' assertion that the approvals plaintiff received from the Historic Preservation Committee and the Board of Adjustment were subject to compliance with the ESA.

Because the Historic Preservation Committee and the Board of Adjustment are not allowed to apply the ESA to plaintiff, their approvals cannot be subject to any ESA requirements. Therefore, any references to the ESA in the approvals are void.

Because of our disposition of this matter, we need not address the parties' other contentions.

The judgment granted in favor of defendants is reversed, the injunction is vacated, and the cause is remanded for further remand to defendants for their consideration of plaintiff's application for the permit under the laws in effect at the time of her application.

CRISWELL and TURSI,* JJ., concur.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).