**Brett BERGER and Thunderbird Burgers, LLC, Plaintiffs–Appellees,**

v.

**CITY OF BOULDER and Boulder City Council, Defendants–Appellants.**

**No. 07CA0410.**

Colorado Court of Appeals, Div. III.

July 10, 2008.

Rehearing Denied Sept. 18, 2008.

Lopez Law Firm, Richard V. Lopez, Boulder, Colorado, for Plaintiffs–Appellees.

Ariel Pierre Calonne, City Attorney, Jerry P. Gordon, Assistant City Attorney, Sandra M. Llanes, Assistant City Attorney, Boulder, Colorado, for Defendants–Appellants.

Opinion by Judge J. JONES.

In this C.R.C.P. 106(a)(4) proceeding, defendants, the City of Boulder and the Boul-

der City Council (collectively, the City), appeal the district court's judgment declaring invalid the City's conditional approval of plaintiff Thunderbird Burgers, LLC's application for a use review. Specifically, the district court declared invalid the condition that requires Thunderbird Burgers to cease selling alcohol after 11:00 p.m. Because we conclude that the condition constitutes an impermissible attempt to regulate the sale of alcoholic beverages, we affirm.

## I. Background

Thunderbird Burgers opened in 1998. In 2002, it moved to a nearby location in an area zoned "BMS–X," in which the operation of any business after 11:00 p.m. is prohibited. Thunderbird Burgers and its owner, plaintiff Brett Berger, applied for a liquor license, and in October 2002, the City's Beverages Licensing Authority granted the liquor license.

Thereafter, Thunderbird Burgers regularly stayed open past 11:00 p.m., in apparent violation of the BMS–X zoning designation. It was not until December 2004, however, that the City warned Thunderbird Burgers that it was operating in violation of the zoning designation, and that it could not remain open after 11:00 p.m. unless the City were to grant a use review.

In response to the City's warning, Thunderbird Burgers filed an application for a use review, whereby it sought approval to operate during extended hours. The Boulder Planning Board approved the use review, subject to the following condition: "Normal hours of operation shall be 10:00 A.M. to 2:00 A.M. daily with no consumption of alcohol on the premises after 11:00 P.M."

Thunderbird Burgers sought review of the Planning Board's decision by the Boulder City Council, but the City Council declined to consider that decision. Thunderbird Burgers then filed this action in Boulder County District Court, seeking a determination under C.R.C.P. 106(a)(4) that the City had exceeded its jurisdiction or abused its discretion in granting the use review subject to the condition and seeking a declaration of its rights under C.R.C.P. 57.

The parties stipulated to the relevant facts and submitted briefs to the court addressing the legal issues raised by Thunderbird Burgers. The district court ruled that the City exceeded its jurisdiction and abused its discretion in imposing the condition at issue, and declared the conditional grant of the use review invalid.

## II. Standard of Review

"Review of a governmental body's decision pursuant to Rule 106(a)(4) requires an appellate court to review the decision of the governmental body itself rather than the district court's determination regarding the governmental body's decision." *Bd. of County Comm'rs v. O'Dell,* 920 P.2d 48, 50 (Colo. 1996). Our review of the governmental body's decision is limited to determining "whether [that] decision was an abuse of discretion or was made without jurisdiction, based on the evidence in the record before that body." *Alward v. Golder,* 148 P.3d 424, 428 (Colo.App.2006); *accord* C.R.C.P. 106(a)(4)(I). A governmental agency abuses its discretion where it misinterprets or misapplies the governing law. *Van Sickle v. Boyes,* 797 P.2d 1267, 1274 (Colo.1990); *Alward,* 148 P.3d at 428.

Here, the issue whether the City exceeded its jurisdiction or abused its discretion turns on the interpretation of the Colorado Constitution and statutes. We consider the applicable provisions de novo. *Danielson v. Dennis,* 139 P.3d 688, 690–91 (Colo.2006); *City & County of Denver v. Bd. of Assessment Appeals,* 947 P.2d 1373, 1377 (Colo.1997); *League of Women Voters v. Davidson,* 23 P.3d 1266, 1270 (Colo.App.2001).

## III. Discussion

■ Article XXII, section 1 of the Colorado Constitution provides in pertinent part as follows:

The manufacture, sale and distribution of all intoxicating liquors, wholly within the state of Colorado, shall, subject to the constitution and laws of the United States, be performed exclusively by or through such agencies and under such regulations as may hereafter be provided by statutory laws of the state of Colorado....

Because the regulation of the manufacture, sale, and distribution of intoxicating liquor is a matter of statewide concern, a home rule city such as the City has no constitutionally derived authority under article XX, section 6 of the Colorado Constitution (delineating the legislative and regulatory powers of home rule cities and towns) to legislate on those subjects. *Kelly v. City of Fort Collins,* 163 Colo. 520, 523, 431 P.2d 785, 787 (1967); *see also City of Colorado Springs v. Graham,* 143 Colo. 97, 101, 352 P.2d 273, 276 (1960).

Acting pursuant to article XXII, section 1, the General Assembly has declared unlawful the serving of alcoholic beverages for consumption on the premises between the hours of 2:00 a.m. and 7:00 a.m. § 12–47–901(5)(b)(I), C.R.S.2007. Notwithstanding the General Assembly's apparent authorization (subject to licensing requirements) of the serving of alcoholic beverages on the premises until 2:00 a.m., the City contends its action in conditioning Thunderbird Burgers' use review on cessation of alcohol sales at 11:00 p.m. was authorized by section 12–47–313(1)(c), C.R.S.2007. That provision states as follows:

> No application for the issuance of any [liquor] license ... shall be received or acted upon: ...
>
> (c) For a location in an area where the sale of alcohol beverages as contemplated is not permitted under the applicable zoning laws of the municipality, city and county, or county ....

The principles of statutory construction governing our interpretation of section 12–47–313(1)(c) are well-established.

> In resolving an issue of statutory interpretation, "a court's essential task is to determine and give effect to the intent of the legislature." ... To accomplish this task, we must first examine the plain language of the statute itself.... If the language is clear and unambiguous, we must interpret it as written.... In addition, we must construe the statute as a whole to give consistent, harmonious, and sensible effect to all its parts.

*Premier Farm Credit, PCA v. W–Cattle, LLC,* 155 P.3d 504, 513 (Colo.App.2006) (citations omitted). In construing the statute's language, we accord the words and phrases used therein their plain and ordinary meanings. *Droste v. Bd. of County Comm'rs,* 159 P.3d 601, 605 (Colo.2007).

■ Thunderbird Burgers concedes that pursuant to section 12–47–313(1)(c) a municipality may create a zoning classification prohibiting altogether the sale of alcoholic beverages, *see Crittenden v. Hasser,* 41 Colo. App. 235, 237, 585 P.2d 928, 929 (1978), and that the City could have denied its application for a use review outright even if that would have had the effect of prohibiting alcoholic beverage sales after 11:00 p.m. It contends, however, that section 12–47–313(1)(c) does not give the City the authority to regulate the hours a business may serve alcoholic beverages through the conditional approval of a use review where, as here, the decision does not concern an application for a liquor license. The City contends that section 12–47–313(1)(c) constitutes a broad grant of authority to municipalities to use zoning regulation in a manner that may impact the serving of alcoholic beverages, regardless whether the decision concerns an application for a liquor license. We agree with Thunderbird Burgers.

Section 12–47–313 is entitled "Restriction for applications for new license." It expressly limits a licensing authority's power to "receive[ ] or act[ ] upon" a liquor license application, section 12–47–313(1), and that is all it does. It does not convey any power or authority to regulate liquor sales after a liquor license has been granted.

In *Gettman v. Bd. of Comm'rs,* 122 Colo. 185, 221 P.2d 363 (1950), the court addressed a situation similar to that in this case. Morgan County had enacted an ordinance prohibiting the sale of alcoholic beverages between the hours of 12:00 midnight on Saturday and 8:00 a.m. on Monday, and sought to enforce that limitation against holders of pre-existing liquor licenses. The county asserted that it had authority to do so pursuant to a statute (since repealed) which provided that "[b]efore granting any license" the licensing authority "shall consider the reasonable requirements of the neighborhood, the desires of the inhabitants ... and all other reason-

able restrictions which are or may be placed upon the new district or districts ..." The court acknowledged that such "reasonable restrictions" could include zoning restrictions, but held that because such restrictions were to be considered "[b]efore granting any license," the county could not later enact "restrictions upon sales, as to hours or otherwise, which have to do with the operation of the business after a license has been granted...." *Id.* at 189, 221 P.2d at 365.

The City argues that *Gettman* is inapplicable because it was decided before the enactment of section 12–47–313(1)(c). However, *Gettman* concerned a statute which was similar to section 12–47–313(1)(c) in two important respects. First, the statute at issue in *Gettman* expressly applied to the consideration of an application for a liquor license ("[b]efore granting any license") as does section 12–47–313(1)(c) ("[n] o application for the issuance of any [liquor] license ... shall be received or acted upon"). It was that limitation on which the court in *Gettman* based its decision. Second, the statute at issue in *Gettman* contemplated that existing zoning restrictions could be considered in deciding whether to grant the license, as does section 12–47–313(1)(c). Though, as the City asserts, "[t] he concept of zoning has evolved dramatically since *Gettman* was decided," it has not evolved in a way that undermines the rationale of the court's decision.

The City's reliance on *Denver Police Protective Ass'n v. City & County of Denver*, 710 P.2d 3 (Colo.App.1985), is misplaced. There, the plaintiff applied for a use permit to *add* a liquor license to its existing use. The city's zoning department denied the application because it found "the addition of the liquor license would change or expand the aspect and character of the [preexisting] non-conforming use." *Id.* at 5. Though the division did not mention the predecessor statute to section 12–47–313(1)(c) in upholding the department's decision, we observe that Denver's decision would have been permissible under that statute because it was made in the context of considering an application for a liquor license. As discussed above, that is not the situation here.

Finally, we reject the City's contention that its decision is supported by *City of Colorado Springs v. 2354 Inc.*, 896 P.2d 272 (Colo.1995). In that case, the court rejected the argument that the statute governing the hours during which liquor license establishments may sell alcohol preempted a municipal ordinance limiting the hours of operation of sexually oriented businesses. It did so because a state statute expressly authorizes local governmental entities to limit the hours of operation of such businesses. *Id.* at 298–99; *see* § 30–15–401(1)(*l*)(I)(B), C.R.S.2007. Here, in contrast, no statute authorizes municipalities to regulate the hours during which liquor license establishments may serve alcoholic beverages.

In sum, we conclude that section 12–47–313(1)(c) does not authorize the condition the City imposed on Thunderbird Burgers' use review. Though the City could have denied the use review outright, it did not. Having granted the use review, it could not regulate the hours during which Thunderbird Burgers could serve alcoholic beverages pursuant to its previously-issued liquor license. The imposition of such a condition—applied to a particular business establishment and not to business establishments in the zoning district generally—does not amount to an exercise of zoning authority to an application for a liquor license as contemplated by section 12–47–313(1)(c).

The judgment is affirmed.

Chief Judge DAVIDSON and Judge CASEBOLT concur.